# EXHIBIT 4

NELIGAN FOLEY, LLP
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
  *Pro Hac Vice Application Pending*
JAMES P. MUENKER
   Texas State Bar No. 24002659
  *Pro Hac Vice Application Pending*
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY          3217-0
ALIKA L. PIPER              6949-0
NICOLE D. STUCKI           9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

Proposed Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| In re | Case No. 11-02371 (Chapter 11) |
|---|---|
| M WAIKIKI LLC. <br><br> Debtor. | MOTION TO REJECT MANAGEMENT AGREEMENT WITH MARRIOTT HOTEL SERVICES, INC.; EXHIBIT "A" |

# MOTION TO REJECT MANAGEMENT AGREEMENT WITH MARRIOTT HOTEL SERVICES, INC.

M Waikiki LLC ("M Waikiki" or the "Debtor"), as debtor and debtor-in-possession, files this motion (the "Motion"), to reject a Management Agreement, dated as of July 9, 2008 (as amended, modified or supplemented, the "Agreement") with Marriott Hotel Services, Inc. ("Marriott"), and respectfully states as follows:

## I.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## II.

## BACKGROUND

2. On August 31, 2011 (the "Petition Date"), M Waikiki filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, M Waikiki continues to operate its business and manage its properties, affairs and assets as a debtor-in-possession.

4. M Waikiki is the owner of a world-class, luxury hotel property located close to Waikiki Beach, named the Modern Honolulu (the "Hotel"). The Hotel's eighteen stories include 353 rooms (including 31 suites) and 22,200 square feet of meeting space.

5. The Hotel is currently managed by Modern Management Services, LLC, an affiliate of Aqua Hotels and Resorts ("Modern Management"). The Hotel was previously managed (or, more accurately stated, *mis*managed) by Marriott pursuant to the Agreement. Under Marriott's mismanagement, the Hotel sustained a net operating loss of more than $8.4 million in the first ten months it was open, performed substantially below the "competitive set" of hotels against which the Hotel's performance was measured, and was projecting a loss of an additional $1.9 million for the remainder of 2011. Marriott's abysmal performance as the manager of the Hotel was preceded by Marriott's equally abysmal performance under, and breach of, a Design and Technical Services and Pre-Opening Agreement (the "TSA"), pursuant to which Marriott failed to perform its duties as required by the TSA and applicable law.

6. Faced with continuing operating losses of millions of dollars that M Waikiki, its lenders and its members either could not or would not fund, and other breaches of the Agreement and the TSA, in May 2011, M Waikiki commenced an action in New York against Marriott and other defendants for

damages and equitable relief. For a period of several months while the litigation was pending, Marriott continued to manage the Hotel which sustained millions more in operating losses. In addition, in July, Marriott again revised upward the projected operating losses for the remainder of 2011. M Waikiki determined that it would no longer be able to fund operating losses as long as Marriott remained as manager, and terminated Marriott on August 28, 2011 and installed Modern Management as the manager of the Hotel.[1]

7.   While M Waikiki believes the Agreement was validly terminated prior to the Petition Date, M Waikiki has filed this motion in an abundance of caution to confirm its decision to terminate the Agreement. As such, M Waikiki seeks authority to reject the Agreement pursuant to section 365(a) of the Bankruptcy Code, effective as of the Petition Date.

### III.

### RELIEF REQUESTED

A.   **Rejection of the Agreement is a Proper Exercise of the Debtor's Business Judgment**

8.   Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, M Waikiki respectfully requests that the Court

---

[1] A more detailed history of both the Debtor, its disputes with Marriott, and the events preceding the commencement of this case is set forth in the Declaration of Damian McKinney filed in support of the Debtor's first-day pleadings (the "McKinney Declaration"), which is incorporated by reference herein.

enter an order (a) authorizing M Waikiki to reject the Agreement subject to M Waikiki's rights to argue that the Agreement was validly terminated or otherwise expired pre-petition, (b) establishing that the Agreement is deemed to be rejected as of the Petition Date, and (c) ordering Marriott to promptly perform the Transition Services (as defined below) in accordance with its obligations under the Agreement and the Bankruptcy Code.

        9.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Generally, the standard applied to determine whether the rejection of an executory contract should be authorized is the "business judgment" standard. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098-99 (2d Cir. 1993); *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). In applying the business judgment standard, courts show great deference to a debtor's decision to reject executory contracts. *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (9th Cir. 2007) ("in evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate"); *In re G.I. Industries, Inc.*, 204 F.3d 1276 (9th Cir. 2000);

*Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043, 1046-47 (4th Cir. 1985); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

10. M Waikiki has ample justification, in the sound exercise of its business judgment, to reject the Agreement. As set forth above and in the McKinney Declaration, Marriott has wholly failed to operate the Hotel in accordance with the standards of care generally applicable to hotel operators, and with a minimum of waste and expense. It has consistently failed to meet its own projections and failed to operate the Hotel in accordance with the business plan, resulting in net operating losses of over $8 million. M Waikiki can no longer afford to stand idly by as losses continue to accrue and stakeholder value is destroyed, and it can no longer fund its operating losses if Marriott continues as the manager of the Hotel. Consequently, M Waikiki's decision to reject the Agreement is a well-founded and proper exercise of its business judgment, and should be approved.

### B. The Agreement Should be Rejected as of the Petition Date

11. Pursuant to section 365(a) of the Bankruptcy Code, M Waikiki seeks to reject the Agreement effective as of the Petition Date.

12. The requested relief will expedite the Debtor's relief from any onerous obligations under the Agreement, is fair and equitable, and is consistent with section 365 of the Bankruptcy Code and other court decisions. *See, e.g., In re At Home Corp.,* 392 F.3d 1064, 1075 (9th Cir. 2004) (affirming the bankruptcy court's discretionary authority to approve rejection as of the date of commencement of the debtors' chapter 11 cases), *cert. denied,* 126 S.Ct. 338 (2005); *In re Mid Region Petroleum, Inc.,* 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc.,* 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (debtor may reject executory contract by clearly communicating intention to reject).

### C. Marriott Must Provide the Transition Services

13. As the former property manager of the Hotel, Marriott is in possession of a substantial amount of property of the estate, including books and records of the Debtor. In addition to Marriott's obligations under various sections of the Bankruptcy Code to account for and turnover to the Debtor all property of the estate (including, without limitation, sections 542 and 543 of the Bankruptcy Code), the Agreement also requires Marriott to cooperate with M Waikiki in transitioning the management of the Hotel, and to perform certain services (the "Transition Services") upon termination. The Transition Services include, without

limitation, the following: (i) the obligation to provide M Waikiki with access to the books and records and all information with respect to future bookings, (ii) the obligation to assign to M Waikiki or to the new manager of the Hotel all operating licenses and permits, and (iii) the obligation to peacefully vacate and surrender the Hotel to M Waikiki.

14. M Waikiki requests that the order approving this Motion and authorizing the rejection of the Agreement specially provide that the rejection does not relieve Marriott of its obligations upon a termination of the Agreement, and further directs Marriott to comply with its obligations under the Bankruptcy Code and the Agreement to turn over the Debtor's property and cooperate with M Waikiki in the transition of management responsibilities to Modern Management. A proposed form of order is attached hereto as Exhibit "A".

WHEREFORE, M Waikiki respectfully requests that this Court enter an order: (a) authorizing M Waikiki to reject the Agreement, without prejudice to M Waikiki's rights to argue that the Agreement was validly terminated or otherwise expired pre-petition, (b) establishing that the Agreement is deemed to be rejected and terminated as of the Petition Date, (c) directing Marriott to perform the Transition Services, and (d) granting such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, September 1, 2011.

NELIGAN FOLEY LLP

/s/Patrick J. Neligan, Jr.
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
JAMES P. MUENKER
   Texas State Bar No. 24002659

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership

/s/ Simon Klevansky
SIMON KLEVANSKY
ALIKA L. PIPER
NICOLE D. STUCKI
Proposed Attorneys for Debtor

# EXHIBIT "A"

NELIGAN FOLEY, LLP
PATRICK J. NELIGAN, JR.
   Texas State Bar No. 14866000
   *Pro Hac Vice Application Pending*
JAMES P. MUENKER
   Texas State Bar No. 24002659
   *Pro Hac Vice Application Pending*
325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone (214) 840-5300
Facsimile: (214) 840-5301

KLEVANSKY PIPER, LLP
A Limited Liability Law Partnership
SIMON KLEVANSKY        3217-0
ALIKA L. PIPER            6949-0
NICOLE D. STUCKI         9151-0
841 Bishop Street, Suite 1707
Honolulu, Hawaii 96813
Telephone: (808) 536-0200
Facsimile: (808) 237-5758
E-Mail: sklevansky@kplawhawaii.com;
apiper@kplawhawaii.com; nstucki@kplawhawaii.com

Proposed Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| In re<br><br>M WAIKIKI, LLC.<br><br>            Debtor. | Case No. 11-02371<br>(Chapter 11)<br><br>ORDER GRANTING MOTION TO REJECT MANAGEMENT AGREEMENT WITH MARRIOTT HOTEL SERVICES, INC.<br><br>HEARING:<br>Date: |

|   |
|---|
| Time:<br>Judge: Hon. Robert J. Faris<br><br>Related Docket No.: _____ |

# ORDER GRANTING MOTION TO REJECT MANAGEMENT AGREEMENT WITH MARRIOTT HOTEL SERVICES, INC.

The Court has read the Motion to Reject Management Agreement with Marriott Hotel Services, Inc. (the "Motion"), filed on September 1, 2011 by M Waikiki LLC ("M Waikiki" or the "Debtor"), as debtor and debtor-in-possession. The Court, having considered the Motion and any responses thereto, and having heard the arguments of counsel at the hearing, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. M Waikiki is hereby authorized to reject the Management Agreement (the "Agreement") between M Waikiki and Marriott Hotel Services, Inc. ("Marriott"), without prejudice to M Waikiki's rights to argue that the Agreement was validly terminated or otherwise expired prior to M Waikiki filing for bankruptcy on August 31, 2011 (the "Petition Date").

3. The Agreement is deemed to be rejected as of the Petition Date.

4. Marriott shall promptly perform its obligations under the Bankruptcy Code and the Agreement to account for and turnover to the Debtor all property of the Debtor's estate. In connection therewith, Marriott shall promptly (i) assign to M Waikiki (or, upon M Waikiki's request, to the new manager of the Hotel) all operating licenses and permits for the Hotel which have been issued in Marriott's name (including liquor and restaurant licenses, if any) and (ii) turn over all of M Waikiki's financial information in Marriott's possession or control. Such financial information includes, without limitation, the following: (i) the general and all subsidiary ledgers, including accounts receivable, accounts payable ledgers, all information related to trade payables, including amounts currently owed, and all payments or transfers to vendors and other parties; (ii) lists and/or inventories of the Debtor's property; and (iii) Debtor's records with respect to future bookings and similar financial and guest stay records in the property management system related to the operation of the Debtor's hotel since Marriott commenced management of the Hotel.

6. Nothing contained herein shall relieve Marriott of any of its obligations to M Waikiki under the Agreement that survive a termination of the Agreement.

DATED: Honolulu, Hawaii, _____.


_____
UNITED STATES BANKRUPTCY
JUDGE

---

<u>In re M WAIKIKI, LLC., Debtor</u>, Case No. 11-02371, United States Bankruptcy Court, District of Hawaii; ORDER GRANTING MOTION TO REJECT MANAGEMENT AGREEMENT WITH MARRIOTT HOTEL SERVICES, INC.