8.3     Survival; Indemnity.  The provisions of this Agreement shall survive the Opening Date.  Owner shall indemnify and hold each of Manager and Schrager harmless from and against any and all loss, cost, damage or expense (including, without limitation, reasonable attorney's fees and litigation expenses) arising from, occurring by virtue of or resulting from, any breach of any representation or warranty made by Owner herein or from any failure by Owner to perform or observe any covenant or agreement of Owner contained herein.

## ARTICLE 9
## MISCELLANEOUS

9.1     Defaults.  Any default by any of the parties to this Agreement shall entitle the non-defaulting party or parties to pursue all remedies as are available to them at law or in equity.

9.2     Term.  The term of this Agreement shall commence upon the Effective Date and, unless terminated on an earlier date as provided in this Agreement, shall expire upon the date of final completion of the Hotel (which shall not occur until, among other things, completion of all Punchlist Items) in accordance with this Agreement, which date may be subsequent to the Opening Date.  This Agreement shall be terminated in the event that the Management Agreement is terminated.  Termination shall not in any way relieve Owner of its obligation to pay or reimburse Manager and/or Schrager for all amounts owing or to be reimbursed to Manager and/or Schrager pursuant to the terms of this Agreement, and all such amounts shall become immediately due and payable, and such liability shall continue until such amounts are paid in full, notwithstanding Termination.

9.3     Successors and Assigns.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors and permitted assigns.  No party shall assign or transfer any rights hereunder or interest herein (including, without limitation, monies due or that may become due hereunder) unless, in the case of (a) Owner and Manager, such assignment or transfer complies with the provisions of Article X of the Management Agreement; and (b) in the case of Schrager, such assignment or transfer shall be to (i) any entity in which Ian Schrager owns and holds, directly or indirectly, at least twenty percent (20%) of the ultimate beneficial ownership of the transferee, or (ii) a trust, family partnership or other similar entity established by or for the benefit of immediate family members of Ian Schrager or the ultimate beneficial owners of Schrager, provided that with respect to both (i) and (ii), Ian Schrager shall at all times control the day-to-day operations and management of the transferee.  Unless specifically stated to the contrary in any written consent to an assignment, no assignment will release or discharge the assignor from any duty or responsibility hereunder.  Nothing contained in this Section 9.3 shall prevent Manager from employing such independent consultants, associates and subcontractors as Manager may deem appropriate to assist it in the performance of services hereunder.



9.4     Relationship.  In the performance of this Agreement, Manager and Schrager shall each act solely as an independent contractor.  Neither this Agreement nor any agreements, instruments, documents, or transactions contemplated hereby shall in any respect be interpreted, deemed or construed as making any party a partner, joint venturer with, or agent of, any other party. The parties agree that none of them will make any contrary assertion, claim or counterclaim in any action, suit, arbitration or other legal proceedings involving the parties.

9.5     Documents.  All drawings, specifications, notes on drawings and other documents or correspondence produced by Manager pursuant to this Agreement shall be the property of Manager, and Owner shall have no right to use such documents with regard to any other project without Manager's consent, which consent shall be granted, conditioned or denied at Manager's sole and absolute discretion.

9.6     Third-Party Rights.  Nothing herein shall be construed to give any rights or benefits hereunder to any person or entity, other than Owner, Manager or Schrager, and the rights of third-party beneficiaries are hereby expressly negated.

9.7     Headings.  The headings of Sections herein are inserted for convenience only and are in no way intended to describe, interpret, define or limit the scope or content of this Agreement or any provision hereof.

9.8     Counterparts.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which shall constitute one and the same instrument.  Such executed counterparts may be delivered by facsimile which, upon transmission to the other party, shall have the same force and effect as delivery of the original signed counterpart. The submission of an unsigned copy of the Agreement or an electronic instrument with or without electronic signature to either party shall not constitute an offer or acceptance.  This Agreement shall become effective and binding only upon execution and delivery of the Agreement in non-electronic form by both parties in accordance with this Section 9.8.

9.9     Effect of Approval of Plans and Specifications.  Owner, Manager and Schrager agree that in each instance in this Agreement or elsewhere wherein Manager or Schrager is required to give its approval of plans, specifications, budgets and/or changes thereto, no such approval shall imply or be deemed to constitute an opinion of Manager or Schrager, nor impose upon Manager or Schrager any responsibility or liability for the design or construction of the Hotel, including but not limited to, structural integrity or life-safety requirements, adequacy of any budgets, or the means, methods, techniques, sequences or procedures of construction.  Manager, Schrager and their respective Affiliates shall not be responsible or liable for:  (i) the design or construction of the Hotel, including but not limited to, structural integrity or life-safety requirements; (ii) the acts or omissions of Owner or any third party consultants or contractors (including, but not limited to, the performance by design professionals, construction contractors, subcontractors or other consultants or third parties); (iii) the failure of any contractor or consultant

27



to carry out any portion of any work on the Hotel; (iv) any costs or expenses associated with, related to, or resulting from the design and construction of the Hotel; (v) the means, methods, techniques, sequences or procedures of construction; or (vi) any safety precautions and programs in connection with the Hotel. Owner acknowledges that Manager and Schrager will, in their review process, provide comments on the plans and specifications. Such reviews do not relieve Owner and its consultants of their responsibility to determine the completeness and coordination of their documents and to ensure that the design and construction of the Project comply with applicable Legal Requirements.

9.10    Applicable Law. This Agreement shall be construed under and shall be governed by the laws of the State of New York.

9.11    Notices. Notices, statements and other communications to be given under the terms of the Agreement shall be in writing and delivered by hand against receipt or sent by certified or registered mail, postage prepaid, return receipt requested or by nationally utilized overnight delivery service, addressed to the parties as follows:

> To Owner:
>
> M Waikiki LLC
> c/o ERealty Fund LLC
> 12780 High Bluff Drive, Suite 160
> San Diego, California 92130
> Attn:   Ed Bushor and  Gary Stougaard
> Phone: (858) 350-5599
> Fax:    (858) 350-5585

> with copy to:
>
> Michael S. Kosmas
> Squire, Sanders & Dempsey, LLP
> 1201 Pennsylvania Avenue, N. W. Suite 500
> Washington, D.C. 20004
> Phone:  (202) 626-6600
> Fax:  (202) 626-6780

> To Manager:
>
> Marriott Hotel Services, Inc.
> c/o Marriott International, Inc.
> 10400 Fernwood Road
> Bethesda, Maryland  20817
> Attn:   Department 70/100.03 – Mike Campbell
> Phone: (301) 380-5532
> Fax:    (301) 644-7753



|                          |                                                      |
|--------------------------|------------------------------------------------------|
| <u>with copy to:</u>     | Marriott Hotel Services, Inc.                        |
|                          | c/o Marriott International, Inc.                      |
|                          | 10400 Fernwood Road                                  |
|                          | Bethesda, Maryland 20817                             |
|                          | Attn:   Law Department 52/923 – A&C Attorney         |
|                          | Phone: (301) 380-9555                                |
|                          | Fax:    (301) 380-6727                               |

<u>To Schrager:</u>       c/o Ian Schrager Company
818 Greenwich Street
New York, New York 10014
Attn:   Mr. Ian Schrager
Phone: (212) 796-8401
Fax:    (212) 898-0331

<u>with copy to:</u>       Skadden, Arps, Slate Meagher & Flom LLP
Four Times Square
New York, New York  10036
Attn:   Benjamin F. Needell, Esq.
Phone: (212) 735-2600
Fax:    (917) 777-2600

<u>To Manager/
Schrager Rep:</u>       c/o Ian Schrager Company
818 Greenwich Street
New York, New York 10014
Attn:   Mr. Aaron Richter
Phone: (212) 796-8401
Fax:    (212) 898-0331

or at such other address as is from time to time designated by the party receiving the notice.  Any such notice that is mailed in accordance herewith shall be deemed received when delivery is received or refused, as the case may be.  Additionally, notices may be given by telephone facsimile transmission, provided that an original copy of said transmission shall be delivered to the addressee by nationally utilized overnight delivery service by no later than the second (2nd) business day following such transmission.  Telephone facsimiles shall be deemed delivered on the date of such transmission, if received during the receiving party's normal business hours or, if not received during the receiving party's normal business hours, then on the next succeeding business date on which the receiving party is open for normal business.

    9.12   <u>Confidentiality</u>.  The parties agree that the terms of this Agreement are strictly confidential and will use their reasonable efforts to ensure that such matters and information are



not disclosed to any outside person or entities without the prior consent of the other party, except as required by law or, to the extent necessary, (i) to obtain licenses, permits and other public approvals, (ii) in connection with a Sale of the Hotel or a financing (debt or equity) of the Hotel, or (iii) in connection with a financing or sale of Manager or Schrager or their Affiliates, or their corporate assets. Owner acknowledges that competitive information regarding brands, customers, marketing, operating or other strategies (including information related to other hotels) is confidential and proprietary to Manager and/or Schrager and shall not be disclosed to Owner.

9.13    Waiver of Jury Trial and Consequential and Punitive Damages. Owner, Manager and Schrager each hereby absolutely, irrevocably and unconditionally waive trial by jury and the right to claim or receive consequential, incidental, special or punitive damages in any litigation, action, claim, suit or proceeding, at law or in equity, arising out of, pertaining to or in any way associated with the covenants, undertakings, representations or warranties set forth herein, the relationships of the parties hereto, this Agreement or any other agreement, instrument or document entered into in connection herewith, or any actions or omissions in connection with any of the foregoing.

9.14    Indemnification. Owner shall indemnify and hold harmless Manager, Schrager and their respective agents and employees from and against all claims, damages, losses and expenses (including, but not limited to, reasonable attorneys' fees) arising out of or resulting from the design, construction and furnishing of the Hotel brought by third parties, except to the extent such claim, damage, loss or expense is the result of the gross negligence or willful misconduct of Manager, Schrager or their respective Affiliates, employees and agents.

9.15    Entire Agreement. The Agreement, together with any other writings signed by the parties expressly stated to be supplemental hereto and together with any instruments to be executed and delivered pursuant to the Agreement, constitutes the entire agreement between the parties and supersedes all prior understandings and writings, and may be changed only by a written non-electronic instrument that has been duly executed by the non-electronic signature of an authorized representative of the parties hereto.

9.16    Consents and Approvals. Wherever in this Agreement the consent or approval of a party is required, such consent or approval unless otherwise noted shall be given or withheld in the reasonable discretion of such party, as applicable, shall be in writing, and shall be executed by a duly authorized officer or agent of such party. If a party fails to respond within ten (10) Business Days to a written request for a consent or approval, and thereafter fails to respond within five (5) Business days to a second written request for such consent or approval, such failure to respond shall be deemed to be a grant of consent or approval. Whenever in this Agreement a party is entitled to exercise discretion, such discretion shall be exercised in a reasonable manner. The Manager/Schrager Rep shall have the power and authority to respond to requests for the consents and approvals; provided, however, that Owner shall send all requests for consents and approvals, all submission packages and any other written communications to Schrager or Manager to both



Schrager and Manager (but not to their respective attorneys) in accordance with the notice provisions of Section 9.11. The Owner Rep shall have the power and authority to submit all requests for consents and approvals under this Agreement and to respond to requests for consents and approvals on behalf of Owner.

[SIGNATURES FOLLOW ON NEXT PAGE]

31



IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed under seal as of the day and year first written above.

**OWNER:**
M WAIKIKI, LLC,
a Hawaii limited liability company

By: _____
Print Name: _____
Title: _____

**MANAGER:**
MARRIOTT HOTEL SERVICES, INC.,
a Delaware corporation

By: _____
   Yoav K. Gery
   Authorized Signatory

**SCHRAGER:**
I.S. INTERNATIONAL, LLC,
a Delaware limited liability company

By: _____
Print Name:   Ian Schrager
Title:        President

SIGNATURE PAGE TO TSA

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed under seal as of the day and year first written above.

**OWNER:**
M WAIKIKI, LLC,
a Hawaii limited liability company

By: _____
Print Name: _____
Title: _____

**MANAGER:**
MARRIOTT HOTEL SERVICES, INC.,
a Delaware corporation

By:_____
   Yoav K. Gery
   Authorized Signatory

**SCHRAGER:**
I.S. INTERNATIONAL, LLC,
a Delaware limited liability company

By: _____
Print Name:   Ian Schrager
Title:      President



**EXHIBIT 1**

**MILESTONE EVENTS**

Manager and Schrager will visit the Site for the purpose of performing their obligations under the Agreement at approximately the following times:

Commencement of public space finishes.

Commencement of FF&E installation.

Final Acceptance.

In addition to the above-described milestone events, Manager and Schrager may visit the Site to observe the construction of the Hotel and Project Areas at such intervals as Manager and Schrager deem reasonably necessary (including, without limitation, the review of special systems such as life safety, kitchen, telecommunications and other hotel systems).



**EXHIBIT 2**

**PRE-OPENING EXPENSES & INITIAL WORKING CAPITAL**

**Waikiki Edition Hotel**
**Preopening**
**Budget**
**June 9, 2008**

| Dept # | Description | $ |
|---|---|---|
| 61 | Front Desk and Housekeeping | $ 290,462 |
| 65 | Executive Office/ Admin | 545,091 |
| 67 | Sales & Marketing | 1,709,277 |
| 68 | Licenses | 100,000 |
| 69 | Engineering | 121,638 |
| | Task Force - OFS | 72,000 |
| | Bar Task Force | 68,250 |
| | Relocation | 530,000 |
| | Contingency @ 5% (on all costs except relocation) | 141,923 |

| | | |
|---|---|---|
| **Total Preopening Budget** | | **$3,578,641** |
| **Total CPAR** | | $ 10,138 |
| **Total Preopening Budget (with inflation factor)** | @ *5.00%* | $ 3,757,573 |

| | | |
|---|---|---|
| **Opening Working Capital** [Includes 2 weeks of Payroll, Opening F&B Inventories] | | $ 519,417 |
| **Total CPAR** | | $ 1,471 |
| **Opening Working Capital** [with inflation factor] | @ *5.00%* | $ 545,387 |



**Key Assumptions:**

\* Assumes staffing levels for management and hourly as outlined in Edition Brand staffing model
\* Assumes wages consistent with pro forma and Zone 4 compensation
\* F&B staffing not detailed for Pre-opening expense purposes but covered in margins per pro forma
\* Relocation assumed for GM, 2 Exec and 5 Manager positions
\* Assumes no Shared Service costs or Sales Force One related allocations
\* Assumes no Spa related pre-opening costs
\* Assumes Task Force related costs consistent with NALO full service opening on a CPAR basis

---

**Pre-opening Staffing (excluding F&B staff)**

| | |
|---|---|
| Number of Managers | 31 |
| Number of Hourly Associates | 111 |
| **Total Estimated FTEs** | *142* |
| **Number of Guest Rooms** | **353** |



# EXHIBIT 3

## APPROVED CONSULTANTS

| Entity<br>License Number | Company<br>Name & Address | Contact Name<br>Position / Title | Phone<br>Fax<br>E-Mail |
|---|---|---|---|
| **HOTEL** | | | |
| General Contractor<br>CT-25292 | **Skye Construction, LLC**<br>3375 Koapaka Street, Suite D-185<br>Honolulu, HI 96819 | Stanley A. Salcedo | 808.839.0909<br>808.836.7927<br>val-ssm@hawaii.rr.com |
| Executive Project Director | **E-Realty Companies Hawaii, Inc.**<br>1775 Ala Moana Blvd., Ste. 262<br>Honolulu, HI 96815 | Eric Hamaguchi | 808.983.3804<br>808.983.3801<br>eric@erealtycompanies.com |
| Construction Management | **E-Realty Construction & Management Hawaii, Inc.**<br>1775 Ala Moana Blvd., Ste. 262<br>Honolulu, HI 96815 | Aaron Molinar<br>Project Manager | 808.983.3800/ 3804<br>808.983.3801<br>aaron@erealtycmhawaii.com |
| Architect | **Solomon Ferguson Architecture**<br>143 South Cedros Avenue, Ste. C-101<br>Soloana Beach, CA 92075 | Riccardo Ferguson<br>Jan Solomon | 858.509.2123<br>858.509.2127<br>Riccardo@solomonferguson.com |
| Structural Engineer | **Robert Englekirk Consulting**<br>239 Merchant Street #200<br>Honolulu, HI 96813-2923 | Michael K. Kawaharada, S.E.<br>Principal | 808.521.6958<br>808.533.6701<br>reihi@hawaii.rr.com |
| Mechanical Engineer<br>Guestrooms | **Amel Technologies, Inc.**<br>1164 Bishop Street, Suite 124-302<br>Honolulu, HI 96813 | Melek Yalcintas<br>President | 808.590.2340<br>808.590.2340<br>melekyalcintas@hawaii.rr.com |
| Mechanical Engineer<br>Public Areas | **Lance Uchida Mechanical Engineers, LTD**<br>1446 Lalamilo Place<br>Honolulu, HI 96819 | Lance Uchida<br>Principal | 808.836.0396<br>808.839.6081<br>luchida@aol.com |
| Electrical Engineer | **Albert Chong Associates, Inc.**<br>1117 Kapahulu Ave.<br>Honolulu, HI 96816 | Rick Chong<br>Vice President | 808.738.5355<br>808.738.5455 |
| ADA Consultant | **Paul Sheriff Incorporated**<br>1000 Bishop Street<br>Honolulu, HI 96813 | Paul Stanley Sheriff | 808.792.7285<br>808.792.7826<br>www.paulsheriff.com |
| Food Service / Kitchen<br>Consultant | **Global Restaurant Design**<br>31368 Via Colinas<br>Westlake Village, CA 91362 | Jerry N. Stein | 818.707.7778<br>818.706.7701<br>jerrys@grdcorp.com |
| Purchasing - China | **LF International Trading**<br>2855 Kaihikapu Street<br>Honolulu, HI 96816 | Valarie Chang | 808.83338.25<br>808.735.7114 |
| Land Use & Zoning<br>Consultant | **Patrick Seguirant Architect**<br>90-1030 kaihi Street<br>Ewa Beach, HI 96706 | Patrick Seguirant<br>Principal | 808.683.4477<br>808.689.3663 |
| Water Feature Design | **Pacific Aquascapes** | Wendell Lee | 808.682.1020<br>808.682.7269 |



| | | | wendell@pacificaquagroup.com |
|---|---|---|---|
| Permit Processing | **Frank Pacarro Permit Service** | Frank Pacarro | |
| IT Consultant | **Innovative Business Solutions** | Chris Berner | 808.294.9190 |
| Liquor License | **Wayne Luke -  Attorney at Law**<br>1441 Kapiolani Blvd, Ste. 1214<br>Honolulu, HI  96814 | Wayne Luke | 808.946.3151<br>808.941.3673 |
| Environmental Consultant | **Elite Environmental Consultants, Inc.**<br>2220 Eva Beach, Hawaii<br>96706 | Jay Clayton | 808.206.8221 |
| Architect | **Next Design, LLC**<br>1132 Bishop Street, Suite 145<br>Honolulu, HI 96813 | Gary Nishioku<br>Karen Sakanto | 808.440.2788<br>808.440.2790<br>gnishioku@nextdesignllc.com |
| **MORIMOTOS RESTAURANT** | | | |
| Construction Management | **E-Realty Construction & Management Hawaii, Inc.**<br>1775 Ala Moana Blvd., Ste. 262<br>Honolulu, HI  96815 | Aaron Molinar<br>Project Manager | 808.983.3800/ 3804<br>808.983.3801<br>aaron@erealtycmhawaii.com |
| Executive Project Director | **E-Realty Companies Hawaii, Inc.**<br>1775 Ala Moana Blvd., Ste. 262<br>Honolulu, HI  96815 | Eric Hamaguchi | 808.983.3804<br>808.983.3801<br>eric@erealtycompanies.com |
| Architect | **Solomon Ferguson Architecture**<br>143 South Cedros Avenue C-101<br>Solana Beach, CA 92075 | Jan Solomon<br>Amy Small<br>Riccardo Ferguson | 858.509.2123<br>858.509.2127 |
| Interior Designer | **Thomas Schoos**<br>8271 Santa Monica Street #200<br>West Hollywood, CA 90046 | Michael Berman<br>President<br>Konrad Hrehorowicz | 323.822.2800<br>323.822.2808<br>konrad@schoos.com |
| Structural Engineer | **Englekirk Partners**<br>2116 Arlington Ave.<br>Los Angeles, CA  90018 | Chris Rosien<br>Principal | 323.733.6673<br>323.733.8682 |
| Mechanical Engineer | **Lance Uchida Mechanical Engineers, LTD**<br>1446 Lalamilo Place<br>Honolulu, HI  96819 | Lance Uchida<br>Principal | 808.836.0396<br>808.839.6081<br>luchida@aol.com |
| Electrical Engineer | **Albert Chong Associates, Inc.**<br>1117 Kapahulu Ave.<br>Honolulu, HI 96816 | Rick Chong<br>Vice President | 808.738.5355<br>808.738.5455 |
| Kitchen Design | **Yui Design**<br>702 Sligo Creek Parkway<br>Takoma Park, MD 20912 | Jimi Yui | 301.270.8950<br>301.270.8573 |

