# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

M WAIKIKI LLC,

Plaintiff,

- against –

MARRIOTT HOTEL SERVICES, INC. I.S. INTERNATIONAL, LLC, AND IAN SCHRAGER,

Defendants.

Index No. 651457/11

(Bransten, J.)

**DEFENDANTS I.S. INTERNATIONAL, LLC'S AND IAN SCHRAGER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

MCDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400

*Counsel for Defendants I.S. International LLC and Ian Schrager*

Robert A. Weiner
Michael R. Huttenlocher

## TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ..... ii, iii

PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 4

I. LEGAL STANDARD FOR MOTION TO DISMISS ..... 4

II. ALL CAUSES OF ACTION AGAINST MR. SCHRAGER IN HIS PERSONAL CAPACITY MUST BE DISMISSED ..... 5

A. The Delaware Limited Liability Company Act Preclude Holding Individual Managers or Members of an LLC Liable for the Obligations of the LLC ..... 5

B. Plaintiff's Causes of Action Against Mr. Schrager in His Personal Capacity Fail as a Matter of Law Because He is Not a Party to the Relevant Agreement and Plaintiff Has Not Alleged Sufficient Facts to Show Mr. Schrager Intended to Be Bound to the TSA ..... 7

III. ALL CLAIMS ASSERTED AGAINST IS INTERNATIONAL MUST BE DISMISSED ..... 10

A. Plaintiff's Cause of Action for Breach of Fiduciary Duty is Foreclosed by the Terms of the Parties' Agreement ..... 10

B. Plaintiff's Cause of Action for Negligent Misrepresentation Fails as a Matter of Law ..... 11

C. Plaintiff's Cause of Action for Breach of Contract Must Be Dismissed ..... 11

IV. PLAINTIFF'S SCANDALOUS AND PREJUDICIAL ALLEGATIONS AGAINST MR. SCHRAGER IN THE COMPLAINT MUST BE DISMISSED ..... 12

CONCLUSION ..... 15

## TABLE OF AUTHORITIES

### STATE CASES

*Biondi v. Beekman Hill Housing Apt. Corp.*, 257 A.D.2d 76, 692 N.Y.S.2d 304 (1st Dep't 1999) ....4

*Collins v. E-Magine, LLC*, 291 A.D.2d 350, 739 N.Y.S.2d 15 (1st Dep't 2002) ....7

*Corris v. White*, 29 A.D.2d 470, 289 N.Y.S.2d 371 (4th Dep't 1968) ....5

*Georgia Malone & Co., Inc. v. Rieder*, 2011 NY Slip Op 5856, 2-3 (1st Dep't 2011) ....8

*Giaimo & Vreeberg v. Smith*, 192 A.D.2d 41, 599 N.Y.S.2d 114 (2d Dep't 1993) ....4

*Goodman v. Kirshberg*, 261 A.D. 257, 25 N.Y.S.2d 13 (1st Dep't 1941) ....14

*IMO Industrial, Inc. v. Anderson Kill & Olick, P.C.*, 267 A.D.2d 10, 699 N.Y.S.2d 43 (1st Dep't 1999) ....4

*JC Manufacturing Inc. v. NPI Electric, Inc.*, 178 A.D.2d 505, 577 N.Y.S.2d 145 (2d Dep't 1991) ....13

*Joan Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 744 N.Y.S.2d 384 (1st Dep't 2002) ....9

*Kliebert v. McKoan*, 228 A.D.2d 232, 643 N.Y.S.2d 114 (1st Dep't 1996) ....4

*Lazard Debt Recovery GP, LLC v. Weinstock*, 864 A.2d 955 (Del. Ch. Ct. 2004) ....6, 7

*Leon v. Martinez*, 84 N.Y.2d 83, 638 N.E.2d 511 (1994) ....4

*Panasuk v. Viola Park Realty, LLC*, 41 A.D.3d 804, 839 N.Y.S.2d 520 (2d Dep't 2007) ....8

*Peckham Road Corp. v. Town of Putnam Valley*, 218 A.D.2d 789, 631, N.Y.S.2d 172 (2d Dep't 1995) ....9

*Plaza at Patterson, LLC v. Clover Lake Holdings, Inc.*, 51 A.D.3d 931, 856 N.Y.S.2d 877 (2d Dep't 2008) ....14

*Poughkeepsie-Highland R.R. Bridge Co. v. Central Hudson Gas & Electric Corp.*, 278 A.D.2d 468, 617 N.Y.S.2d 389 (2d Dep't 2000) ....4

*Rakus, Inc. v. 3 Red G, LLC, et al.*, 906 N.Y.S.2d 783 (Sup. Ct. Kings Co. 2010) ....8

*Rivera v. JRJ Land Prop. Corp.*, 27 A.D.3d 361, 812 N.Y.S.2d 63 (1st Dep't 2006) ....12

*Salzman Sign Co. v. Beck*, 10 N.Y.2d 63, 176 N.E.2d 74 (1961) ....................................................9

*Schachter v. Mass. Protective Association*, 30 A.D.2d 540, 291 N.Y.S.2d 128 (2d Dep't 1968) ....................................................13

*Scott v. Bell Atlantic Corp.*, 282 A.D.2d 180, 726 N.Y.S.2d 60 (1st Dep't 2001) ....................................................4

*Soumayah v. Minnelli*, 839 N.Y.S.2d 79, 41 A.D.3d 390 (1st Dep't 2007) ....................................................13

*Thomas v. Hobbs*, C.A. No. 04C-02-010, 2005 Del. Super. LEXIS 164 (Del. Sup. Ct. Apr. 27, 2005) ....................................................6, 7

*Van Caloen v. Poglinco*, 214 A.D.2d 555, 625 N.Y.S.2d 245 (2d Dep't 1995) ....................................................14

*Wegman v. Dairylea Cooperative, Inc.*, 50 A.D.2d 108, 376 N.Y.S.2d 728 (4th Dep't 1975) ....................................................13

*Weinreb v. Stinchfield*, 19 A.D.3d 482, 797 N.Y.S.2d 521 (2d Dep't 2005) ....................................................8

*Westminster Construction Co. v. Sherman*, 160 A.D.2d 867, 554 N.Y.S.2d 300 (2d Dep't 1990) ....................................................8

**STATE STATUTES**

CPLR 3013 ....................................................5

CPLR 3024(b) ....................................................2, 13

CPLR 3211(a)(1) ....................................................4

CPLR 3211(a)(7) ....................................................4

Delaware Limited Liability Company Act § 18-303(a) ....................................................6

N.Y. Limited Liability Company Act § 603(a) ....................................................6

N.Y. Limited Liability Company Act § 801 ....................................................6

Defendants I.S. International, LLC ("IS International") and Ian Schrager (collectively "Defendants"), by and through their undersigned attorneys, respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by M Waikiki LLC ("Plaintiff" or "Owner") on May 26, 2011. Defendants fully join in all arguments made in the companion motion to dismiss as filed on August 1, 2011 by co-Defendant Marriott Hotel Services, Inc. Defendants also rely upon the documentary evidence submitted with the Affirmation of Kelly D. Gardner, dated August 1, 2011, counsel for co-Defendant Marriott.[1] Accordingly, the below memorandum of law addresses specific issues germane to the Defendants.

## PRELIMINARY STATEMENT

IS International is a company which provided certain design services for a hotel property owned by Plaintiff in Honolulu, Hawaii (the "Hotel") for the development, design and transformation of the Hotel into one of Marriott's new "Edition" branded line of "lifestyle" or "boutique" hotels. IS International provided these services pursuant to a Design and Technical Services and Pre-Opening Agreement (the "TSA"). In accordance with the TSA, these services were subject to and actually approved by the Plaintiff.

Nevertheless, Plaintiff asserts causes of action against IS International for breach of contract, breach of fiduciary duty, and negligent misrepresentation. However, notably absent from Plaintiff's Complaint is any allegation that Plaintiff did not approve of the design services or that IS International failed to provide such services. Rather, Plaintiff's Complaint is a hodgepodge of allegations which do not demonstrate that IS International breached any

---

1 Rather that submit multiple copies of the pertinent documents to this Court, Defendants will cite to the documents provided by co-Defendant Marriott by the appropriate exhibit reference.

obligation under the TSA or demonstrate that it breached any fiduciary duty or made a single negligent misrepresentation. Indeed, the parties specifically disclaimed any fiduciary relationship and Plaintiff's negligent misrepresentations claims fail as a matter of law.

Plaintiff has also asserted the same three causes of action against Mr. Schrager in his individual capacity. These claims are nothing more than a vehicle to harass and disparage him. Assuming, *arguendo,* that there is a legitimate dispute, that dispute is only between and among the Plaintiff, Marriott and IS International, *i.e.*, the signatories to the relevant documents for the development, design and transformation of the Hotel into an "Edition" hotel. By contrast, the dispute is not with Mr. Schrager, personally.

In a desperate effort to add color to its claims, Plaintiff adds allegations about events which occurred almost 30 years ago and references the fact that Mr. Schrager was an owner and operator of the night club Studio 54 and events that flowed from that ownership. These allegations have absolutely nothing to do with the allegations in the Complaint concerning the development of the Hotel and are scandalous, prejudicial and irrelevant. Consequently, this Court should exercise its authority under CPLR § 3024(b) to strike this material from the Complaint.

**BACKGROUND**

Ian Schrager, the president of IS International, is a hotelier known throughout the industry for developing the "lifestyle" or "boutique" hotel concept. (Ex. A at ¶¶ 3, 7, 26.) Among other projects, Mr. Schrager designed and developed the Delano in Miami, the Mondrian in Los Angeles, and the Grammercy Park Hotel in New York City. (*Id.* at ¶17.) In June 2007, Marriott and Mr. Schrager entered into an agreement to jointly develop a new brand of boutique hotels called "Edition." (*Id.* at ¶18.)

Plaintiff owns part of a 353-room hotel-condominium project located in Honolulu, Hawaii (the "Hotel") (*Id.* at ¶¶ 7, 8.). Approximately two years after Plaintiff acquired the Hotel, and after several meetings concerning the opportunity to become a part of Marriott's new "Edition" brand of boutique hotels, Plaintiff decided to affiliate the Hotel with Marriott to become an Edition-branded hotel. (*Id.* at ¶¶ 22, 24.)

On or about July 9, 2008, Owner, Marriott, and IS International entered into a Design and Technical Services and Pre-Opening Agreement (the "TSA").[2] (*Id.* at ¶ 26.) Plaintiffs acknowledge that Mr. Schrager, solely in his capacity as President of IS International, executed the TSA on behalf of IS International. (*Id.* at ¶ 27.) Indeed, the TSA itself could not be more clear that the agreement was with IS International and not Mr. Schrager personally:

- The Cover Page of the TSA states that the agreement is between Plaintiff, Marriott and IS International. (Ex. B.)
- In the Definitions section, the capitalized term "Schrager" shall have the meaning ascribed to it in the Preamble which states that I.S. International, LLC is defined as "Schrager." (*Id.* at 5.)
- The Signature Page to the TSA notes that the document is executed on behalf of I.S. International, LLC by Ian Schrager, "President" of IS International. (*Id.* at 32.) Indeed, Mr. Schrager's title of "President" appears right below his signature.
- The First Amendment to the TSA was signed by Mitchell Hochberg, an authorized signatory for IS International and not Mr. Schrager. (Ex. B, at ¶ 6.)

Pursuant to the TSA, Marriott and IS International were engaged by Plaintiff to provide pre-opening services and design services to it to transition the Hotel from an independently run hotel to an Edition-branded hotel. (*Id.* at ¶¶ 3, 7, 26.) Further to the TSA, Marriott and IS International undertook to perform a number of design-related duties and were granted a number

---

2 It must be noted that Plaintiff only asserts claims against Defendants related to the TSA. The claims pertaining to the Management Agreement are cited only against co-Defendant Marriott.

of related powers. (*Id.*) In return for performing its duties under the TSA, IS International was to receive a Concept Development Fee as well as a share of a monthly Technical Services Fee until the Hotel's opening. (*Id.* at ¶ 31.)

## ARGUMENT

### I. LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to CPLR 3211(a)(1), the Court may dismiss a Complaint on the ground that "a defense is founded upon documentary evidence." Thus, where the "documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law," dismissal is warranted. *Leon v. Martinez,* 84 N.Y.2d 83, 88, 638 N.E. 2d 511 (1994). The test on a CPLR 3211(a)(1) motion is whether the documentary evidence submitted "conclusively establishes a defense to the asserted claims as a matter of law." *Scott v. Bell Atlantic Corp.,* 282 A.D.2d 180, 726 N.Y.S.2d 60 (1st Dep't 2001) *citing Leon v. Martinez,* 84 N.Y.2d at 88, 638 N.E. 2d at 513; *IMO Indus., Inc. v. Anderson Kill & Olick, P.C.,* 267 A.D.2d 10, 11, 699 N.Y.S.2d 43, 44 (1st Dep't 1999). Where documentary evidence and undisputed facts negate or dispose of the claims in the complaint or conclusively establish a defense – as they do here – dismissal may be granted pursuant to CPLR 3211(a)(1). *Biondi v. Beekman Hill Housing Apt. Corp.,* 257 A.D.2d 76, 692 N.Y.S.2d 304 (1st Dep't 1999); *Kliebert v. McKoan,* 228 A.D.2d 232, 643 N.Y.S.2d 114 (1st Dep't 1996).

CPLR 3211(a)(7) authorizes this Court to dismiss any cause of action where "the pleading fails to state a cause of action." Although courts will generally construe pleadings liberally, at a minimum the complaint "must still allege the material elements of the cause of action." *Giaimo & Vreeberg v. Smith,* 192 A.D.2d 41, 44, 599 N.Y.S.2d 841, 843 (2d Dep't 1993); *Poughkeepsie-Highland R.R. Bridge Co. v. Central Hudson Gas & Elec. Corp.*, 278 A.D.2d 468, 470, 718 N.Y.S.2d 389, 391 (2d Dep't 2000) (dismissing pleadings that "fail[ed] to

state the material elements of any cognizable cause of action"); *see also* CPLR 3013 ("[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action"). Thus, "[l]iberality 'will not be used as a substitute for substance.'" *Corris v. White*, 29 A.D.2d 470, 472, 289 N.Y.S.2d 371, 374 (4th Dep't 1968) (citations omitted). In light of this standard and the arguments below, the Plaintiff's Complaint should be dismissed in its entirety.

## II. ALL CAUSES OF ACTION AGAINST MR. SCHRAGER IN HIS PERSONAL CAPACITY MUST BE DISMISSED

It is well settled, black-letter law both under Delaware law and New York law, that a member or manager of a limited liability company cannot be held personally liable for the debts or obligations of a limited liability company. Moreover, unless there are allegations which show that a representative of a limited liability company or other business entity expresses an intent to be personally bound to a contract, it is well-settled that, even when an individual signs a contract on behalf of a limited liability company, the individual cannot be held personally liable under that contract.

This, however, is exactly what Plaintiff attempts to do through its Complaint. Here, the allegations in the Complaint and the terms of the TSA itself demonstrate that the contract was between the Plaintiff, Marriott, and IS International; not Mr. Schrager personally. As a result, Mr. Schrager, in his individual capacity, must be entirely dismissed as a defendant from this action.

### A. The Delaware Limited Liability Company Act Preclude Holding Individual Managers or Members of an LLC Liable for the Obligations of the LLC

IS International is a limited liability company organized under the law of the State of Delaware. For such a foreign limited liability company, under New York law, "the laws of the

jurisdiction under which a foreign limited liability company is formed govern its organization and internal affairs and the liability of its members and managers." N.Y. Limited Liability Company Act § 801 (emphasis supplied). Accordingly, under Delaware law, the Delaware Limited Liability Company Act protects the members and managers of an LLC – such as Mr. Schrager – from personal liability.

Section 18-303(a) of the Delaware Limited Liability Company Act states that

> "the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company."

Del. Limited Liability Co. Act § 18-303.

In this case, Mr. Schrager is shielded from liability that arises out of the TSA – and the associated torts alleged by Plaintiff – as that agreement is solely between Plaintiff, Marriott and IS International. (Ex. A at ¶ 26.) Plaintiffs' allegations against Mr. Schrager are like those dismissed in *Lazard Debt Recover GP, LLC v. Weinstock* in which the plaintiff attempted to impute personal liability to two individual defendants who were the principals and co-managers of an LLC that contracted with the plaintiff to provide certain services. The Court determined that "[a]ny contractual obligations that [the Limited Liability Company] assumed as an entity are therefore owed by it, and not by its disclosed principals." *Lazard Debt Recovery GP, LLC v. Weinstock*, 864 A.2d 955, 975 (Del. Ch. Ct. 2004); *see also Thomas v. Hobbs*, C.A. No. 04C-02-010, 2005 Del. Super. LEXIS 164, at *5 (Del. Sup. Ct. Apr. 27, 2005) ("As with a corporation, a member of a limited liability company may not be held liable for the debts, obligations, and

liabilities of the company."). The Court, therefore, dismissed the case against the two individuals because they were shielded from personal liability under § 18-303.[3]

The same result should apply here.[4] Here, as in *Lazard*, Mr. Schrager is a disclosed principal of IS International. He executed the TSA on its behalf as indicated by the signature line of the TSA which identifies Mr. Schrager as the President of IS International. (*See* Ex. B at 32.). Furthermore, the cover page of the TSA, the Preamble of the TSA, and the Definitions section all indicate that the TSA is an agreement between Plaintiff, Marriott, and IS International. As a result, here, as in *Lazard*, the claims for individual liability against Mr. Schrager should be dismissed.

**B. Plaintiff's Causes of Action Against Mr. Schrager in His Personal Capacity Fail as a Matter of Law Because He is Not a Party to the Relevant Agreement and Plaintiff Has Not Alleged Sufficient Facts to Show Mr. Schrager Intended to Be Bound to the TSA**

The Complaint explicitly alleges that the TSA is executed by and between the Plaintiff, Marriott and IS International – not Mr. Schrager in his personal capacity. (Ex. A at ¶ 26.) It is well settled, under New York common law – irrespective of the limited liability company act – that "corporate officers may not be held liable on contracts of their corporations, provided they

---

3 Moreover, neither of the exceptions to this principle of law apply in this situation. Mr. Schrager did not sign the TSA on his own behalf, rather than for the company and Mr. Schrager did not agree to be obligated personally for the obligations and liabilities of the company. *Thomas*, 2005 Del. Super. LEXIS 164, at *7.

4 It should be noted that the same result would apply under New York law. New York's Limited Liability Company Act Section 603(a) includes nearly identical language as the Delaware Limited Liability Company Act. Section 603(a) of the New York Limited Liability Company Act states: "(a) Neither a member of a limited liability company, a manager of a limited liability company managed by a manager or managers nor an agent of a limited liability company (including a person having more than one such capacity) is liable for any debts, obligations or liabilities of the limited liability company or each other, whether arising in tort, contract or otherwise, solely by reason of being such member, manager or agent or acting (or omitting to act) in such capacities or participating (as an employee, consultant, contractor or otherwise) in the conduct of the business of the limited liability company." New York Courts have similarly dismissed cases brought against individuals in their personal capacity when the contract was between the Plaintiff and an LLC defendant. *See Collins v. E-Magine, LLC*, 291 A.D.2d 350, 351, 739 N.Y.S.2d 15, 17 (1st Dep't 2002) ("under Limited Liability Company Law § 609(a), those defendants, as members and managers of E-Magine . . . are expressly exempt from personal responsibility for the obligations of E-Magine.")

did not purport to bind themselves individually under such contracts." *Westminster Construction Co. v. Sherman*, 160 A.D.2d 867, 868, 554 N.Y.S.2d 300, 301 (2d Dep't 1990). This black letter legal principle also applies to officers of limited liability companies. *See Panasuk v. Viola Park Realty, LLC*, 41 A.D.3d 804, 805, 839 N.Y.S.2d 520, 522 (2d Dep't 2007); *Rakus, Inc. v. 3 Red G, LLC, et al.*, 906 N.Y.S.2d 783, 783, 2010 N.Y. Slip. Op. 500030 at *1 (Sup. Ct. Kings Co. 2010).

Plaintiff's Complaint is factually similar to *Rakus Inc. v. 3 Red G, LLC* which dismissed all of the causes of action against the named individual defendants, including a claim for breach of contract and breach of fiduciary duty. *See Rakus,* 906 N.Y.S.2d at 783. In *Rakus*, the president of the defendant LLC executed an agreement on behalf of the LLC but was sued in his individual capacity. *Id.* As here, the contract itself was between the plaintiff and the LLC – not the plaintiff and the individual defendants. *Id.* The Court, therefore, concluded that "since it is clear from the pleading, and the face of the contract itself, that [the individual defendant] was acting on behalf of a disclosed principal, namely [the LLC], the Court finds that [the individual defendant] did not sign in his individual capacity and, thus, as a member of [the LLC], cannot be held personally liable under the agreement." *Id.*

Furthermore, there are no pleaded facts which could show that Mr. Schrager, acting on behalf of IS International, intended to be personally bound by the TSA. Under New York law, an individual will not be held liable under a contract signed on behalf of an entity, "unless there is clear and explicit evidence of the agent's intention to be personally bound." *Weinreb v. Stinchfield*, 19 A.D.3d 482, 483, 797 N.Y.S.2d 521, 523 (2d Dep't 2005); *see also Georgia Malone & Co., Inc. v. Rieder*, 2011 NY Slip Op 5856, 2-3 (1st Dep't 2011) ("It is well established that officers or agents of a company are not personally liable on a contract if they do

not purport to bind themselves individually.")[5] The Complaint makes no allegations, other than the fact that Mr. Schrager signed the TSA, that he intended to be bound by the terms of the TSA. (*See* Ex. A at ¶ 27.)

The Complaint makes clear that Mr. Schrager was not a party to the TSA – IS International was – and it cannot be claimed that Mr. Schrager signed this TSA on behalf of an undisclosed principal. Plaintiff knew that the agreement was with the LLC and not Mr. Schrager individually as the TSA, on its face, names the entities that were parties to the agreement. *See Peckham Rd. Corp. v. Town of Putnam Valley*, 218 A.D.2d 789, 791, 631 N.Y.S.2d 172, 174 (2d Dep't 1995). As a result, Mr. Schrager cannot be personally liable and all claims must be dismissed against him.

The only allegation in the Complaint upon which the Plaintiff could point to – yet ultimately is insufficient – to hold Mr. Schrager personally liable is their statement that the TSA provided that "Ian Schrager shall be personally involved in the design, concepting and direction of the Hotel and shall be available for key design meetings in connection therewith." (Ex. A at ¶ 27.) However, this quote in the Complaint is simply one sentence in a 32-page highly negotiated document between parties to an arm's length transaction and cannot serve to bind Mr. Schrager personally. *See Salzman Sign Co. v. Beck*, 10 N.Y.2d 63, 67, 176 N.E.2d 74, 76 (N.Y. 1961) ("[E]veryone in business knows that an individual stockholder or officer is not liable for his corporation's engagements unless he signs individually, and where individual responsibility is demanded the nearly universal practice is that the officer signs twice -- once as

---

5 *See also Joan Hansen & Co. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 109, 744 N.Y.S.2d 384, 390 (1st Dept. 2002) ("As a matter of public policy, an officer or director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken. To hold otherwise would be dangerous doctrine . . . and go far toward undermining the limitation of liability which is one of the principal objects of corporations.").

an officer and again as an individual. There is great danger in allowing a single sentence in a long contract to bind individually a person who signs only as a corporate officer.").

Indeed, any actions taken by Mr. Schrager personally with respect to the development of this Hotel were conducted as an agent of IS International. Moreover, the fact that Mr. Schrager's actions are undertaken as an agent of IS International is supported by the terms of the TSA as payment for such services would go to IS International and not Mr. Schrager personally. (*See* Ex. B at §§ 4.2 and 4.3.) Accordingly, all causes of action asserted against Mr. Schrager personally, must be dismissed.

## III. ALL CLAIMS ASSERTED AGAINST IS INTERNATIONAL MUST BE DISMISSED

### A. Plaintiff's Cause of Action for Breach of Fiduciary Duty is Foreclosed by the Terms of the Parties' Agreement

For the same reasons set forth in Marriott's Memorandum of Law in Support of its Motion to Dismiss, Plaintiff's cause of action against IS International for breach of fiduciary duty must be dismissed. Plaintiff alleges that IS International's fiduciary obligations flow from an agency and/or a confidential relationship. (*See* Complaint ¶ 72.) However, as detailed in Marriott's memorandum of law at Point II, the cause of action against IS International for breach of fiduciary duty must be dismissed because the specific terms of the TSA disclaim that a fiduciary duty exists between the parties and the relevant agreements are between sophisticated entities to an arm's length business transaction who failed to create a relationship of higher trust sufficient to create fiduciary obligations between them. Indeed, IS International hereby incorporates the arguments made in Marriott's memorandum of law on this point as if fully set forth herein.

### B. Plaintiff's Cause of Action for Negligent Misrepresentation Fails as a Matter of Law

In its fourth cause of action, Plaintiff alleges that IS International is liable for negligent misrepresentation because it made certain statements that it should have known were false and Plaintiff allegedly relied on those statements to its detriment. (*See* Complaint ¶¶ 77-82.) As more detailed in Marriott's memorandum of law, Plaintiff's cause of action for negligent misrepresentation should be dismissed as a matter of law because (1) the claims are improperly duplicative of Plaintiff's breach of contract claims; (2) Plaintiff has failed to adequately allege a special relationship between the parties; (3) the claims arise from non-actionable statements of future expectation; and (4) any reliance by Plaintiff on the challenged representations was unreasonable as a matter of law. IS International hereby incorporates the arguments made in Marriott's memorandum of law on these points as if fully set forth herein.

### C. Plaintiff's Cause of Action for Breach of Contract Must Be Dismissed

Plaintiff's cause of action for breach of contract against IS International must be dismissed not only for the reasons stated in Marriott's memorandum of law but because Plaintiff has essentially admitted that IS International has not breached the contract as it had approval rights over the designs provided by IS International. Indeed, Plaintiff does not allege that it withheld any such approval or that IS International failed to provide the contracted for design services. Plaintiff's failure to make such allegations is fatal to its claims.

Under the TSA, IS International was contracted to provide Plaintiff with certain interior design services for the Hotel which were subject to the Plaintiff's final approval – which the Plaintiff gave. (*See* TSA at §§ 2.1, 2.2.) Among others, Plaintiff had approval rights over a "new detailed facilities program" (TSA § 2.1.1); the milestone schedule (TSA § 2.1.6(l)); the interior design of the Hotel (TSA § 2.2.2); the design development package (TSA § 2.2.3); the

Hotel's decorative items (TSA § 2.3.3); and a number of other elements of the Hotel (TSA § 2.3.4.) For instance, Section 2.2.2 of the TSA requires IS International to "submit to Owner for *review and approval* (i) interior design plans . . . and (ii) display of boards of fabrics, carpets, furnishings, finishes, paints, lighting design guidelines . . . and other materials for each Project Area designated by [IS International]." (*Id.* at § 2.2.2.)

Absent from Plaintiff's Complaint is (i) a single allegation that there is any breach of contract with respect to the actual design of the Hotel or the actual services provided by IS International or (ii) a single allegation that Plaintiff withheld its approval of any of the design services provided by IS International. As a result, Plaintiff's breach of contract claim should be dismissed. *See Rivera v. JRJ Land Prop. Corp.*, 27 A.D.3d 361, 364, 812 N.Y.S.2d 63, 65 (1st Dep't 2006) ("Since plaintiff has failed to identify an obligation set forth in the least agreement which defendant breached, the breach of contract claims must be dismissed.") Having failed to allege a material element of a cause of action for breach of contract, i.e., that the contract was breached, this cause of action must be dismissed as against IS International.

In addition, IS International incorporates the arguments made by Marriott in its memorandum of law as if they were fully set forth herein.

## IV. PLAINTIFF'S SCANDALOUS AND PREJUDICIAL ALLEGATIONS AGAINST MR. SCHRAGER IN THE COMPLAINT MUST BE DISMISSED

In an effort to besmirch Mr. Schrager and prejudice him in the eyes of this Court, Plaintiff makes a series of scandalous and prejudicial allegations about Mr. Schrager's past. Specifically, Plaintiff makes the following allegations:

- "Schrager owned and operated the famed Studio 54 which, from its opening in 1977, was the hottest night club in Manhattan – known for its celebrity clientele and prolific cocaine scene. Schrager rode the Studio 54 wave until 1980, when he pled guilty to federal tax evasion charges following a raid on the club – which reportedly uncovered $600,000 in cash stuffed into garbage bags hidden in the rafters of the ceiling and a safety deposit box containing close to another $1

million." (Ex. A at ¶ 15.)

- "After his release from prison, Schrager reinvented himself – with the help of his long-time partner and sometimes cellmate, Steve Rubell (now deceased), and designer Philippe Stark – as a hotelier." (*Id.* at ¶ 16.)

As demonstrated below, these allegations have absolutely nothing to do with a hotel project that occurred approximately thirty years later, were only included to prejudice the Court against Mr. Schrager, and, to the extent the entire complaint is not dismissed, these allegations must be stricken from the Complaint.

CPLR 3024(b) provides that, "a party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a pleading." While the scandalous or prejudicial material may later become admissible at trial, if it is not necessary to the plaintiff's pleading and would cause undue prejudice to the defendants, it should be stricken. *JC Mfg. Inc. v. NPI Electric, Inc.*, 178 A.D.2d 505, 506, 577 N.Y.S.2d 145, 146 (2d Dep't 1991); *see also Schachter v. Mass. Protective Assn.*, 30 A.D.2d 540, 540, 291 N.Y.S.2d 128, 129 (2d Dep't 1968) ("[O]n balance, it would be more in keeping with sound discretion and the interest of justice to preserve defendant's right to a fair trial by not permitting plaintiff to invoke the liberal rule with respect to pleadings and allege the aforesaid prejudicial unnecessary matter under the guise of relevancy. . . .). In this case, Plaintiff makes wholly irrelevant allegations that serve no purpose other than to malign Mr. Schrager's character.

New York courts have routinely granted motions to strike scandalous and prejudicial matter where the materials were irrelevant to the cause of action. *See Soumayah v. Minnelli*, 839 N.Y.S.2d 79, 82, 41 A.D.3d 390, 392 (1st Dep't 2007) (stating that when reviewing CPLR 3024(b) motions, "the inquiry is whether the purportedly scandalous or prejudicial allegations are relevant to a cause of action"); *Wegman v. Dairylea Cooperative, Inc.*, 50 A.D.2d 108, 376

N.Y.S.2d 728, 733 (4th Dep't 1975) ("Although the statute uses the word 'unnecessarily,' it is generally held that the test under this section is whether the allegation is relevant, in an evidentiary sense, to the controversy and therefore, admissible at trial.").

Plaintiff's causes of action for breach of contract, breach of fiduciary duty and negligent misrepresentation relate to a 2008 hotel project. The allegations referenced above at paragraphs 15 and 16 of the Complaint inappropriately discuss events from the late 1970's and early 1980's concerning drug use at a former business venture of Mr. Schrager's and Mr. Schrager's brief time in prison that have no impact on the Plaintiff's causes of action. It simply cannot be said that any of these materials have anything to do with whether Marriott, IS International or Mr. Schrager are in breach of contract, breached any fiduciary duty or made any negligent misrepresentations regarding the hotel project. *See Goodman v. Kirshberg*, 261 A.D. 257, 259, 25 N.Y.S.2d 13, 15 (1st Dep't 1941) (granting motion to strike irrelevant allegations which formed no part of plaintiff's case and the proof of which would be inadmissible).

For instance, in *Van Caloen v. Poglinco*, as is the case here, the plaintiffs incorporated into their pleadings prejudicial references to collateral matters regarding the defendant's past history. 214 A.D.2d 555, 557, 625 N.Y.S.2d 245, 246 (2d Dep't 1995). There, the Court held that "these matters should be stricken from the plaintiffs' [pleadings] as unnecessary to their cause of action and seriously prejudicial to the defendant." *Id.*; *see also Plaza at Patterson, LLC v. Clover Lake Holdings, Inc.*, 51 A.D.3d 931, 932, 856 N.Y.S.2d 877, 878 (2d Dep't 2008) ("The respondents have incorporated in their [pleadings] various references to collateral matters…that are unrelated to the instant litigation. These matters should be stricken from the [pleadings] as both unnecessary to the viability of the claims, and as prejudicial to the petitioners."). The same result should apply in this case. Accordingly, Mr. Schrager respectfully

requests that Plaintiff's irrelevant, scandalous, and prejudicial allegations in ¶¶ 15-16 of the Plaintiff's Complaint be stricken.

## CONCLUSION

For the foregoing reasons and for all of the reasons stated in the companion motion to dismiss filed by co-Defendant Marriott, Defendants respectfully request that the Court grant this Motion to Dismiss the Plaintiff's Complaint in its entirety.

Dated: New York, New York
August 1, 2011

Respectfully Submitted,

By: *____/s/ Robert A. Weiner____________*
Robert A. Weiner
Michael R. Huttenlocher

McDERMOTT, WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400

*Attorneys for Defendants IS International LLC and Ian Schrager*

DM_US 29410261-7.074982.0010