UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M WAIKIKI LLC,<br><br>                    Plaintiff,<br><br>    – against –<br><br>MARRIOTT HOTEL SERVICES, INC., I.S.<br>INTERNATIONAL, LLC, AND IAN SCHRAGER,<br><br>                    Defendants. | No. 11 Civ. 06488 (BSJ)<br><br>(Removed from the Supreme Court<br>for the State of New York, County of<br>New York Index No. 651457/2011)<br><br>**ORAL ARGUMENT<br>REQUESTED** |
| MARRIOT HOTEL SERVICES, INC.,<br><br>                    Counterclaim Plaintiff,<br><br>    – against –<br><br>M WAIKIKI LLC,<br><br>                    Counterclaim Defendant. | |

**DEFENDANTS I.S. INTERNATIONAL, LLC'S AND
IAN SCHRAGER'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO TRANSFER VENUE AND
<u>IN SUPPORT OF THEIR CROSS-MOTION TO REMAND OR ABSTAIN</u>**

McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
(212) 547-5400

*Counsel for Defendants I.S. International LLC and Ian Schrager*

Robert A. Weiner
Michael R. Huttenlocher

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

THE RELEVANT BACKGROUND FACTS .......................................................... 2

ARGUMENT ...................................................................................................... 6

I.      MANDATORY ABSTENTION IS REQUIRED............................................. 6

II.     IN THE ALTERNATIVE, EQUITABLE REMAND OR PERMISSIVE
        ABSTENTION IS WARRANTED AND APPROPRIATE............................. 10

        A.      The Factors Considered for Remand Weigh Heavily in Favor of the
                Schrager Defendants ................................................................... 11

                1.      Remand Would Not Affect the Efficient Administration of the
                        Bankruptcy Estate ........................................................... 12

                2.      Remand is Appropriate Because Plaintiff's Causes of Action Are
                        Predominated by State Law ............................................... 12

                3.      The Nature of Plaintiff's State Law Claims Favor Remand .......... 14

                4.      Considerations of Comity Favor Remand to State Court ........... 14

                5.      The Claims Against Defendants Are Remote and Unrelated to the
                        Bankruptcy Case ............................................................. 15

                6.      Schrager's Right to a Jury Trial Supports Remand as Does IS
                        International's Right to an Adjudication by an Article III Court......... 16

                7.      IS International and Schrager Will Be Prejudiced by a Failure to
                        Remand ......................................................................... 17

                8.      Plaintiff's Actions Are Indicative of Forum Shopping and,
                        Therefore, Remand is Appropriate ...................................... 17

        B.      If Necessary, the Court May Only Remand the Claims Asserted Against
                the Schrager Defendants .............................................................. 18

III.    PLAINTIFF'S REQUEST FOR TRANSFER SHOULD BE DENIED ............. 19

        A.      The "Interest of Justice" Favors Denial of Plaintiff's Motion to Transfer ......... 20

                1.      A Transfer Would Not Promote the Efficient Administration of
                        Plaintiff's Bankruptcy Estate or Further Interests of Judicial
                        Economy ....................................................................... 20

                2.      The Parties Will Receive a Fair Trial in the Southern District of
                        New York ...................................................................... 22

                3.      The Southern District of New York has an Interest in Deciding
                        this Action .................................................................... 22

**TABLE OF CONTENTS**
(continued)

Page

4.    An Eventual Judgment Will be Enforceable and Transfer Will Not Impact the Learning Curve with Regard to the TSA ................................ 22

5.    Transfer Would Disturb Plaintiff's Original Choice Of Forum............... 23

B.    The "Convenience of the Parties" Favors Denial Of Plaintiff's Motion to Transfer this Action to the District of Hawaii ...................................................... 23

IV.   THE SCHRAGER DEFENDANTS SHOULD BE AWARDED COSTS AND EXPENSES......................................................................................................................... 24

CONCLUSION........................................................................................................................... 26

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*In re 9281 Shore Road Owners Corp.*,
    214 B.R. 676 (Bankr. E.D.N.Y. 1997)..................................................................13

*In re Ames Department Stores, Inc.*,
    No. 06 cv 5394 (BSJ)(THK), 2008 WL 7542200 (S.D.N.Y. June 4, 2008).......................7

*Anglo America Insurance Grp., PLC v. Calfed, Inc.*,
    916 F. Supp. 1324 (S.D.N.Y. 1996)..................................................................24

*In re Best Products Co.*,
    68 F.3d 26 (2d Cir. 1995)..................................................................8

*Buechner v. Avery*,
    No. 05 Civ. 2074 (PKC), 2005 U.S. Dist. LEXIS 13735 (S.D.N.Y. July 8, 2005)...........16

*In re Cathedral of the Incarnation in the Diocese of Long Island*,
    99 F.3d 66 (2d Cir. 1996)..................................................................11

*Castillo Grand LLC v. Sheraton Operating Corp.*,
    2009 WL 4667104 (S.D.N.Y. Dec. 9, 2009) ....................................................9

*Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*,
    337 B.R. 22 (S.D.N.Y. 2005)..................................................................6, 7

*Circle Industrial USA, Inc. v. Parke Construction Grp., Inc.*,
    183 F.3d 105 (2d Cir. 1999)..................................................................25

*Digital Satellite Lenders, LLC v. Ferchill*,
    No. 03 Civ. 8803 (RWS), 2004 U.S. Dist. LEXIS 15736 (S.D.N.Y. Aug. 6, 2004)...11, 13

*Drexel Burnham Lambert Group v. Vigilant Insurance*,
    130 B.R. 405 (S.D.N.Y. 1991)..................................................................*passim*

*In re Dunmore Homes, Inc.*,
    380 B.R. 663 (Bankr. S.D.N.Y. 2008)..................................................................20

*In re Enron Corp.*,
    317 B.R. 629 (Bankr. S.D.N.Y. 2004)..................................................................19, 20, 23

*Fugazy v. Stahl*,
    No. 03 Civ. 0405 (VM), 2003 U.S. Dist. LEXIS 20112
    (S.D.N.Y. Nov. 7, 2003) ..................................................................13, 15, 19

## TABLE OF AUTHORITIES

### (cont.)

*Greenidge v. Mundo Shipping Corp.*,
    60 F. Supp. 2d 10 (E.D.N.Y. 1999) ................................................................................25

*In re J.T. Moran Finance Corp.*,
    119 B.R. 447 (Bankr. S.D.N.Y. 1990)...............................................................................8

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*,
    No. 04 Civ. 708, 2004 U.S. Dist. LEXIS 8168 (S.D.N.Y. May 7, 2004).................. *passim*

*Lewis v. Allied Bronze LLC*,
    2007 WL 1299251 (E.D.N.Y. May 2, 2007) .......................................................................9

*Little Rest Twelve, Inc. v. Visan*,
    No. 11 Civ. 2306 (JGK), 2011 U.S. Dist. LEXIS 78731 (S.D.N.Y. July 20, 2011).. *passim*

*Morgan Guaranty Trust Co. of N.Y. v. Republic of Palau*,
    971 F.2d 917 (2d Cir. 1992)............................................................................................24

*Mt. McKinley Insurance Co. v. Corning, Inc.*,
    399 F.3d 436 (2d Cir. 2005)..............................................................................................6

*In re NTL, Inc.*,
    295 B.R. 706 (Bankr. S.D.N.Y. 2003)........................................................................12, 18

*Neuman v. Goldberg*,
    159 B.R. 681, 688 (S.D.N.Y. 1993) .................................................................................14

*In re Orion Pictures Corp.*,
    4 F.3d 1095 (2d Cir. 1993)................................................................................................8

*Parmalat Capital Finance Ltd. v. Bank of America Corp.*,
    639 F.3d 572 (2d Cir. 2011)..............................................................................................9

*Pippins v. KPMG LLP*,
    No. 11 Civ. 0377, 2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011)....................24

*Renaissance Cosmetics, Inc. v. Development Specialists Inc.*,
    277 B.R. 5 (S.D.N.Y. 2002)............................................................................................14

*Schumacher v. White*,
    429 B.R. 400 (E.D.N.Y. 2010) .........................................................................................8

*Shamoun v. Peerless Importers, Inc.*,
    No. 03 CV 1227 (NG), 2003 WL 21781954 (E.D.N.Y. Aug. 1, 2003)..............................25

## TABLE OF AUTHORITIES

### (cont.)

*Shiboleth v. Yerushalmi,*
    412 B.R. 113 (S.D.N.Y. 2009)....................................................................................13, 15

*Things Remembered, Inc. v. Petrarca,*
    516 U.S. 124 (1995)............................................................................................................7

*Von Richthofen v. Family M. Foundation Ltd.,*
    339 B.R. 315 (S.D.N.Y. 2005)............................................................................................10

## STATUTES & RULES

11 U.S.C. §157 .............................................................................................................7, 16

28 U.S.C. § 1334............................................................................................................. *passim*

28 U.S.C. § 1446....................................................................................................................8

28 U.S.C. § 1447 ...................................................................................................7, 18, 23

28 U.S.C. §1452............................................................................................................. *passim*

N.Y.C.P.L.R. § 3211.........................................................................................................4, 17

Bankruptcy Rule of Procedure 7012............................................................................................16

Federal Rule of Civil Procedure 21 ............................................................................................19

Defendants I.S. International, LLC ("IS International") and Ian Schrager ("Schrager") (collectively, the "Schrager Defendants"), by and through their undersigned attorneys, respectfully submit this memorandum of law in opposition to M Waikiki, LLC's ("Plaintiff") motion to transfer venue and in support of their cross-motion to remand this matter to the Supreme Court of the State of New York, New York County ("New York State Court") pursuant to 28 U.S.C. § 1334(c)(2), or in the alternative, permissive abstention or equitable remand pursuant to 28 U.S.C. §§ 1334(c)(1) or 1452(b). The Schrager Defendants also respectfully request that the Court award their costs, expenses and attorneys' fees incurred in making this motion. The Schrager Defendants also submit the affidavit of Robert A. Weiner, Esq., dated October 17, 2011 ("Weiner Aff.").

## PRELIMINARY STATEMENT

It is undisputed that the core of M Waikiki, LLC's ("Plaintiff") action is its continuing dispute with Marriott Hotel Services, Inc. ("Marriott") regarding the current management of Plaintiff's hotel property located in Honolulu, Hawaii (the "Hotel"). As explained more fully in Marriott's motion to remand, as a result of actions taken by Plaintiff in response to a temporary restraining order obtained by Marriott, Plaintiff filed for bankruptcy protection in the United States Bankruptcy Court for the District of Hawaii ("Hawaii Bankruptcy Court").

By its present motion, Plaintiff seeks to transfer this action to the United States District Court for the District of Hawaii with the ultimate goal of transferring this action to the Hawaii Bankruptcy Court. Significantly, Plaintiff spends virtually no time explaining why its motion to transfer is justified with respect to the Schrager Defendants. Plaintiff's failure to address this issue is not simply an oversight.

As discussed in detail below, the ongoing dispute between Marriott and Plaintiff has nothing to do with the actions of the Schrager Defendants. Rather, Plaintiff's claims against the Schrager Defendants are based upon alleged breaches of a design agreement which has nothing to do with the current controversy between Marriott and Plaintiff. As discussed below, unlike the contentions surrounding the Management Agreement, there is no ongoing dispute between the Schrager Defendants and Plaintiff. Indeed, Plaintiff's claims are for money damages based upon alleged past violations of the design agreement between IS International and Plaintiff.

Moreover, the Schrager Defendants did not file any counterclaims in the state court action. Equally important, the Schrager Defendants are not creditors to the Plaintiff's bankruptcy estate. Further, the Schrager Defendants are not party to the Management Agreement between Plaintiff and Marriott. In short, there is no connection between the Schrager Defendants and Plaintiff's bankruptcy proceeding.

As shown in detail below, where, as here, a Plaintiff has asserted "non-core" claims against a party in a state court action and has sought to remove the state court action to federal court, the appropriate procedure is for the federal court to remand the case back to the state court. (Points I and II, *infra.*) Similarly, where, as here, a Plaintiff has sought to transfer venue in order to avoid litigating in its chosen forum, the motion to transfer must be denied. (Point III, *infra.*) In view of the frivolous nature of Plaintiff's actions, the Schrager Defendants should be awarded their costs. (Point IV, *infra.*)

## THE RELEVANT BACKGROUND FACTS

### The Hotel Project

Schrager, the president of IS International, is a hotelier known throughout the industry for developing the "lifestyle" or "boutique" hotel concept. (Weiner Aff., Ex. A at ¶¶ 3, 7, 26.) The Schrager Defendants are based in New York. (*Id.* at ¶ 5.) In June 2007, Marriott and IS

International entered into an agreement to jointly develop a new brand of boutique hotels called "Edition." (*Id.* at ¶ 18.) Approximately two years after Plaintiff acquired the Hotel, it decided to affiliate the Hotel with Marriott to become an Edition-branded hotel. (*Id.* at ¶¶ 22, 24.)

On or about July 9, 2008, Plaintiff, Marriott, and IS International entered into a Design and Technical Services and Pre-Opening Agreement (the "TSA"). (*Id.* at ¶ 26.) Pursuant to the TSA, Marriott and IS International were engaged by Plaintiff to provide pre-opening and design services to transition the Hotel from an independently run hotel to an Edition-branded hotel. (*Id.* at ¶¶ 3, 7, 26.) The Schrager Defendants fully performed their design and pre-opening obligations under the TSA.

The Hotel opened in October 2010 and has since been the subject of great acclaim in the travel press. In July of 2011, the Hotel was featured in the *New York Times* and named as the "style-centric" place to stay on a trip to Honolulu. (Weiner Aff., Ex. D.) The Hotel was also named to *Travel & Leisure*'s "It List: The Best New Hotels 2011" in its June 2011 issue. (Weiner Aff., Ex. E.) *Travel & Leisure* complimented the design elements of the Hotel, specifically the "color palette" of the interior and various accents around the Hotel. (*Id.*) Indeed, this acclaim is a testament to the design services of IS International (which were approved by Plaintiff).

**The Management Agreement**

Marriott and Plaintiff also entered into a separate and completely independent Management Agreement, dated July 9, 2008 ("Management Agreement"), under which Marriott would provide ongoing management services to Plaintiff after the Hotel opened. Neither of the Schrager Defendants are a party to the Management Agreement. (*Id.* at ¶ 26.) Nor do they have any obligations under the Management Agreement.

**The New York State Court Action**

On May 26, 2011, Plaintiff commenced this lawsuit in New York State Court ("New York State Action") against Marriott, IS International and Schrager (in his personal capacity) asserting state law claims for breach of contract, breach of fiduciary duty, negligent misrepresentation and for a declaratory judgment. (Weiner Aff., Ex. A at ¶¶ 61-87.) In its Complaint, with respect to the Schrager Defendants, Plaintiff alleged that IS International and Marriott "failed to use reasonable efforts to perform their pre-opening obligations in an efficient and business-like manner." (*Id.* at ¶ 51.)

As a consequence, Plaintiff asserted that IS International and Marriott breached the TSA, breached an alleged fiduciary duty to Plaintiff, and made negligent misrepresentations to Plaintiff. (*Id.* ¶¶ 61-65, 71-82.) Based upon the same alleged failure, Plaintiff also sued Schrager in his individual capacity. (*Id.*)

Separate and apart from claims arising under the TSA agreement, Plaintiff also asserted independent claims against Marriott based upon an alleged breach of the Management Agreement. (*Id.* at ¶¶ 66-70, 83-87.) According to Plaintiff, after the hotel opened Marriott failed to manage the Hotel property in accordance with the Management Agreement executed among Plaintiff and Marriott. (*Id.*)

**All Defendants Move to Dismiss the New York State Action**

On August 1, 2011, pursuant to N.Y. C.P.L.R. §§ 3211(a)(1) and (a)(7), the Schrager Defendants moved to dismiss the Complaint in its entirety based upon documentary evidence and for failure to state a claim. (*See generally* Weiner Aff. Ex. B.) In addition, because the Complaint included a number of irrelevant and scandalous allegations against Schrager, Schrager moved to strike these allegations. (Weiner Aff., Ex. B at 12-15.)

- 4 -

On August 1, 2011, Marriott also moved to dismiss the Complaint in its entirety, based upon similar grounds. (Weiner Aff. Ex. C.) Moreover, Marriott moved to dismiss the claims asserted against it concerning the Management Agreement. (*Id.*)

### Plaintiff's Improper Self-Help Efforts to Oust Marriott as Manager of the Hotel

As more fully described in Marriott's motion to remand [Dkt. # 17], on August 28, 2011, while the motions to dismiss were pending, Plaintiff entered the Hotel, installed a new management company and ousted Marriott as manager of the Hotel. (Weiner Aff., Ex. F at ¶ 32.)[1] On August 30, 2011, Marriott asserted a Counterclaim Complaint against Plaintiff in New York State Court alleging causes of action for breach of contract and conversion and sought a temporary restraining order ("TRO") designed to reinstall it as manager of the Hotel. (*See* Weiner Aff., Ex. G.) On August 31, 2011, New York State Court Justice Eileen Bransten granted Marriott's application for a *mandatory* TRO and ordered "that Marriott shall be allowed to return to its management role at the hotel by 2:30 p.m. on Wednesday August 31, 2011 (Hawaii Time; 8:30 p.m. EDT)." (*Id.* at 2.)

Importantly, the Schrager Defendants are not a party to the Management Agreement or to this dispute between Plaintiff and Marriott. Neither of the Schrager Defendants have filed a counter-claim against Plaintiff in the State Court Action. The dispute between Plaintiff and the Schrager Defendants continues to be limited to Plaintiff's state law causes of action concerning the TSA.

---

[1]     The background regarding Plaintiff's self-help is derived from Marriott's Counterclaim Complaint, filed below in New York State Court on August 30, 2011.

**Plaintiff Files for Bankruptcy, Removes to this Court**
**and Moves to Transfer Venue in an Effort to Escape its Originally Chosen Forum**

In order to avoid the impact of the TRO, on August 31, 2011, Plaintiff filed its

bankruptcy petition in the United States Bankruptcy Court for the District of Hawaii. (Weiner

Aff., Ex. H.) As Plaintiff candidly admitted, its bankruptcy filing was done solely to avoid

abiding by the TRO. (Weiner Aff., Ex. I at ¶¶ 28-29.) Thus, it is clear that Plaintiff's

bankruptcy filing is nothing more than shopping for a new forum because it no longer likes the

original forum that it chose.

On September 16, 2011, just three days before Plaintiff's date to oppose the Schrager

Defendants' motion to dismiss, Plaintiff removed the New York State Action to this Court. To

date, Plaintiff has still not filed an opposition to the Schrager Defendants' motions to dismiss.

On October 8, 2011, Plaintiff filed a motion to transfer this matter to the District of

Hawaii as the final act in its carefully constructed tripartite legal strategy of "bankruptcy-

removal-transfer" to escape the jurisdiction of its *originally chosen forum* and to prejudice the

Schrager Defendants by dragging them to court in Hawaii. Suffice it to say, this Court should

reject Plaintiff's transparent forum shopping, and remand the matter back to Justice Bransten for

a decision on the merits.

## ARGUMENT

## I.   MANDATORY ABSTENTION IS REQUIRED.

This case should be remanded to the New York State Court because mandatory

abstention is required under 28 U.S.C. § 1334(c)(2)[2], which states, as follows:

---

[2]     Mandatory abstention can be applied in a case that has already been removed from state court. *Mt. McKinley Ins. Co. v. Corning, Inc.*, 399 F.3d 436, 446-47 (2d Cir. 2005). Remand is a necessary consequence of mandatory abstention. *See, e.g.*, *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, 337 B.R. 22, 27 (S.D.N.Y. 2005).

> Upon timely motion of a party in a proceeding based upon a State law
> claim or State law cause of action, related to a case under title 11 but not
> arising under title 11 or arising in a case under title 11, with respect to
> which an action could not have been commenced in a court of the United
> States absent jurisdiction under this section, the district court shall abstain
> from hearing such proceeding if an action is commenced, and can be
> timely adjudicated, in a State forum of appropriate jurisdiction.

*Id.* Accordingly, this Court has held that mandatory abstention is required when: (1) the motion

to abstain was timely; (2) the action is based on a state law claim; (3) the action is related to but

not arising in a bankruptcy case or arising under the Bankruptcy Code; (4) Section 1334 provides

the sole basis for federal jurisdiction; (5) an action is commenced in state court; and (6) that

action can be timely adjudicated in state court. *See, e.g.*, *Certain Underwriters*, 337 B.R. at 26;

*In re Ames Dep't Stores, Inc.*, No. 06 cv 5394 (BSJ)(THK), 2008 WL 7542200, at *8 (S.D.N.Y.

June 4, 2008).  The Schrager Defendants easily satisfy these six factors.

First, this motion is timely because it was filed within the thirty-day window provided by

the general removal statute, 28 U.S.C. § 1447(c).[3] *Little Rest Twelve, Inc. v. Visan*, No. 11 Civ.

2306 (JGK), 2011 WL 3055375, at *6 (S.D.N.Y. July 20, 2011).

Second, this action is entirely based on state law.  Plaintiff's claims against the Schrager

Defendants for breach of contract, breach of fiduciary duty, negligent misrepresentation, and a

request for a judicial declaration are all based solely upon New York State law.

Third, the New York State Action is not a core bankruptcy proceeding as defined by 11

U.S.C. §157(b), and thus it is merely "related to" a bankruptcy case and *not* "arising in" a

---

[3] 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than
lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  The
Supreme Court has held that 28 U.S.C. § 1447 applies to cases removed under 28 U.S.C. §1452. *Things
Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995).

bankruptcy case or "arising under" the Bankruptcy Code. A proceeding is core only if it "'would

have no existence outside of the bankruptcy case.'" *Schumacher v. White*, 429 B.R. 400, 405

(E.D.N.Y. 2010) (quoting *In re J.T. Moran Fin. Corp.*, 119 B.R. 447, 450 (Bankr. S.D.N.Y.

1990)). Here, the New York State Action was commenced months before Plaintiff's bankruptcy

filing and can obviously stand outside bankruptcy. The New York State Action is "related to"

bankruptcy only because Plaintiff seeks damages from the Schrager Defendants, final

determination of which could increase or reduce the size of the bankruptcy estate. *See In re Best*

*Prods. Co.*, 68 F.3d 26, 32 (2d Cir. 1995) (holding that a case is non-core when "the only

relationship . . . to the bankruptcy proceeding [is] that determination of the action would affect

the ultimate size of the estate").

    Moreover, as shown by Plaintiff's list of creditors filed with the Bankruptcy Court,

neither of the Schrager Defendants are listed and, indeed, neither of them are creditors of the

estate. (Weiner Aff., Ex. K.) "[A]n action involving a debtor and a non-creditor in which 'the

only relationship . . . to the bankruptcy proceeding [is] that determination of the action would

affect the ultimate size of the estate' is not a core proceeding." *Little Rest Twelve*, 2011 U.S.

Dist. LEXIS 78731, at *21 (quoting *In re Best Prods. Co.*, at 32); *see also In re Orion Pictures*

*Corp.*, 4 F.3d 1095, 1102 (2d Cir. 1993). In short, there is no basis to assert that this is a "core

proceeding" under the Bankruptcy Code.

    Fourth, there is no basis for federal jurisdiction aside from § 1334, which confers

jurisdiction over claims "related to" bankruptcy. Plaintiff's Complaint is based entirely on state

law and makes no claim that the parties are completely diverse. *See Little Rest Twelve*, 2011 WL

3055375, at *9-10 (finding this factor satisfied in part by the complaint's assertion of only state

law claims and failure to identify the citizenship of the parties). Indeed, in order to demonstrate

- 8 -

diversity, Plaintiff would have to allege the citizenship of all of its "75 indirect investors." *See*

*Castillo Grand LLC v. Sheraton Operating Corp.*, 2009 WL 4667104, at *7 (S.D.N.Y. Dec. 9,

2009) (dismissing case for lack of subject matter jurisdiction after three years of proceedings,

and on the precipice of trial when parties uncovered conclusively that an indirect minority owner

of plaintiff caused there to be no diversity); *Lewis v. Allied Bronze LLC,* 2007 WL 1299251, at

*1 (E.D.N.Y. May 2, 2007) (dismissing action for lack of jurisdiction where plaintiff failed to

allege the citizenship of "every individual and corporation that has a direct or indirect equitable

interest in this defendant," including each of the members of the limited partnership which was

the single member of defendant LLC).  Plaintiff admits as much by failing to claim any basis for

removal other than the bankruptcy removal statute in its Notice of Removal.  (*See* Weiner Aff.,

Ex. L); *see also Little Rest Twelve*, 2011 WL 3055375, at *10 (finding that this factor was

satisfied in part by the removing party's failure to identify another basis for removal in its notice

of removal); 28 U.S.C. § 1446(a) (removal notice is to contain "a short and plain statement of the

grounds for removal").

  Fifth, the New York State Action was commenced before Plaintiff filed for bankruptcy.

  Finally, the action is capable of timely adjudication in state court.  When evaluating

timely adjudication under § 1334(c)(2), a court should consider:

> (1) the backlog of the state court's calendar relative to the federal court's
> calendar; (2) the complexity of the issues presented and the respective
> expertise of each forum; (3) the status of the title 11 bankruptcy
> proceeding to which the state law claims are related; and (4) whether the
> state court proceeding would prolong the administration or liquidation of
> the estate.

*Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 (2d Cir. 2011).  The burden

is on the party opposing remand to show that the action cannot be timely adjudicated in state

court. *See id.* at 582.

Plaintiff cannot meet this burden. Indeed, any delay in the New York State Action to date has been caused by the Plaintiff's gamesmanship, e.g., taking extra-judicial action necessitating Marriott's emergency relief application, and removing the matter just before its opposition to the Schrager Defendants' motion to dismiss was due. *See Von Richthofen v. Family M. Foundation Ltd.*, 339 B.R. 315, 321 (S.D.N.Y. 2005) (granting motion for mandatory abstention when defendants' dispositive motion was interrupted only by the removal action).

Moreover, none of the considerations outlined in *Parmalat* are at odds with remand. Justice Bransten is already familiar with the record, she has expertise adjudicating the parties' state law claims, and she has already shown a willingness to make room on her calendar and expedite this action. As a result, there is no reason to believe that remand will prolong the bankruptcy administration, which is progressing very slowly. *See Little Rest Twelve*, 2011 WL 3055375, at *11 (finding that state law claims would be more efficiently adjudicated by a state judge who had experience with the both state laws and specific dispute at issue). There is thus no reason to believe that the New York State Action will not be timely adjudicated.

## II.   IN THE ALTERNATIVE, EQUITABLE REMAND OR PERMISSIVE ABSTENTION IS WARRANTED AND APPROPRIATE.

Remand is also warranted either as a matter of equitable remand under 28 U.S.C. § 1452(b) or, alternatively, as a matter of permissive abstention under 28 U.S.C. § 1334(c)(1). The Court's power to remand or abstain in circumstances such as these is broad and should be exercised.[4]

---

[4]     28 U.S.C. § 1452(b) states, in pertinent part, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

28 U.S.C. § 1334(c)(1) states, in pertinent part, "[n]othing in this section prevents a district court in the interests of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

"Courts in this district have treated the analysis under these two statutory provisions [*i.e.*, 28 U.S.C. § 1452(b), or, alternatively, 28 U.S.C. § 1334(c)(1)] as essentially identical." *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, No. 04 Civ. 708 (GEL), 2004 U.S. Dist. LEXIS 8168, at *10-11 (S.D.N.Y. May 7, 2004) (Lynch, D.J.). Accordingly, the analysis conducted herein applies with equal force to both grounds for remanding this matter to state court. *See Little Rest Twelve*, 2011 U.S. Dist. LEXIS 78731, at *21 ("The two inquiries are essentially the same and are often analyzed together.").

### A.   The Factors Considered for Remand Weigh Heavily in Favor of the Schrager Defendants

Where, as here, a party removes a matter to federal court pursuant to 28 U.S.C. § 1452, the Court "may remand such claim or cause of action on *any equitable ground*." 28 U.S.C. § 1452(b) (emphasis added). "The Second Circuit has held 'that § 1452(b)'s reference to an 'equitable ground' means one that is fair and reasonable, rather than one that originated in the chancery courts or is discretionary.'" *Digital Satellite Lenders, LLC v. Ferchill*, No. 03 Civ. 8803 (RWS), 2004 U.S. Dist. LEXIS 15736, at *11 (S.D.N.Y. Aug. 6, 2004) (quoting *In re Cathedral of the Incarnation in the Diocese of Long Island*, 99 F.3d 66, 69 (2d Cir. 1996)).

"Courts consider a number of factors in deciding whether to remand under [ ] this section [1452(b)]." *Drexel Burnham Lambert Group v. Vigilant Ins.*, 130 B.R. 405, 407 (S.D.N.Y. 1991). These factors include:

> (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *Id.*

Another factor for remand considered by Courts in this district is "the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties." *In re NTL, Inc.*, 295 B.R. 706, 717-18 (Bankr. S.D.N.Y. 2003).[5]

As detailed below, this case should be remanded because each of the factors identified in *Drexel Burnham* either weigh in favor of remand or are, at worst, neutral to the question. Moreover, Plaintiff's motion and litigation strategy takes forum shopping to a new level – it now wants to shop for a new forum because it no longer likes the forum it initially selected.

> ### 1.    Remand Would Not Affect the Efficient Administration of the Bankruptcy Estate

Remanding this matter would not detract from the efficient administration of the bankruptcy estate and will likely positively impact it. Here, Plaintiff originally chose to pursue this action in New York State Court against the Schrager Defendants to assert its state law claims. (Weiner Aff., Ex. A.) As these claims sound wholly in state law, this factor "support[s] remand because those claims 'do not require any "special expertise" of the Bankruptcy Court,' and . . . on the contrary, the greater expertise of state court judges as to issues of state law 'would

---

[5]    Some Courts have identified the following, mostly overlapping factors, for analysis for permissive abstention:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled natures of applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of on-debtor parties. *In re NTL, Inc.*, 295 B.R. at 717-18.

certainly effect a more efficient estate administration.'" *Fugazy v. Stahl*, No. 03 Civ. 0405

(VM), 2003 U.S. Dist. LEXIS 20112, at *9-10 (S.D.N.Y. Nov. 7, 2003) (quoting *In re 9281

Shore Road Owners Corp.*, 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997)) (finding that the

assertion of strictly state law claims weighs in favor of remand).

   Furthermore, given that Plaintiff is seeking a transfer of this action to the District of

Hawaii and, eventually, the Bankruptcy Court for the District of Hawaii, "retention of federal

jurisdiction could detract from the efficient administration of the estate and impose an

unnecessary burden on the Bankruptcy Court by requiring the bankruptcy court to expend time

and resources on the state law action that could otherwise be spent administering the estate."

*Drexel Burnham*, 130 B.R. at 408. Accordingly, this factor weighs in favor of remand.

### 2.     *Remand is Appropriate Because Plaintiff's Causes of Action Are Predominated by State Law*

   As described above, the causes of action brought by Plaintiff against the Schrager

Defendants are "predominated" by state law. Plaintiff has alleged purely state law claims of

breach of contract, breach of fiduciary duty, and negligent misrepresentation against the Schrager

Defendants. (Weiner Aff., Ex. A.) It undisputed and cannot be disputed that there are no

questions of federal law and that this action turns entirely on questions of New York state law.

Accordingly, this factor favors remand. *See Digital Satellite Lenders*, 2004 U.S. Dist. LEXIS

15736, at *11 ("[The removing parties] do not dispute that this action turns entirely on questions

of New York law, and therefore that the second factor favors remand.").

   Moreover, as described above, Plaintiff's claim are "non-core" bankruptcy claims.

"Because non-core claims do not implicate the essence of federal bankruptcy power, district

courts consider such classification of a claim in deciding whether to grant an equitable remand."

*Shiboleth v. Yerushalmi*, 412 B.R. 113, 117 (S.D.N.Y. 2009). Accordingly, this factor favors

- 13 -

remand because "Congress has made it plain that, in respect to noncore proceedings such as this (i.e., cases which assert purely state law causes of action), the federal courts should not rush to usurp the traditional precincts of the state court." *Drexel Burnham*, 130 B.R. at 409 (quotations omitted).

### 3.    *The Nature of Plaintiff's State Law Claims Favor Remand*

Although Plaintiff's claims are not necessarily unsettled areas of New York law, this factor still weighs in favor of remand. In an analogous matter alleging relatively straightforward state law causes of action, Judge Lynch stated that "[w]hile remand is not required solely because an action involves application of state law, *see Neuman v. Goldberg*, 159 B.R. 681, 688 (S.D.N.Y. 1993), and the legal issues in these cases do not appear at first blush to be either unusual or unsettled, the fundamental fact here is that the issues in this litigation exclusively concern state law, and do not implicate any question of bankruptcy law or other matters of uniquely federal interest or expertise." *Kerusa Co.*, 2004 U.S. Dist. LEXIS 8168, at *16.

Here, as in *Kerusa Co.*, the claims against the Schrager Defendants do not implicate any question of bankruptcy law, have little effect (if any) upon the bankruptcy estate, and do not address any other matters of uniquely federal interest or expertise. As a result, this factor weighs in favor of remand.

### 4.    *Considerations of Comity Favor Remand to State Court*

The factor of comity also counsels in favor of remanding this matter back to New York State Court. "Comity focuses on the state's interest in developing its law and applying its law to its citizens." *Renaissance Cosmetics, Inc. v. Development Specialists Inc.*, 277 B.R. 5 (S.D.N.Y. 2002) (internal quotation marks omitted). Here, not only does the Plaintiff seek to remove this case from the New York State Court, but it also seeks to transfer the matter away from the State of New York to the District of Hawaii. The Plaintiff's transfer request, therefore, heightens the

- 14 -

comity concern in this matter. Here, "New York State has a strong interest in having its own courts enforce its laws, particularly given [Plaintiff's] interest in transferring venue of this action to federal court in [Hawaii] if the action is not remanded." *Fugazy*, 2003 U.S. Dist. LEXIS 20112, at *12. As a result, this factor weighs in favor of remand.

### 5. The Claims Against Defendants Are Remote and Unrelated to the Bankruptcy Case

The New York State Court Action against the Schrager Defendants has little, if anything, to do with the Plaintiff's reorganization efforts or the administration of the estate. This is evidenced by the Declaration of Damian McKinney ("McKinney") filed in support of Plaintiffs' motion to transfer. [*See* Dkt. # 8.] McKinney's description of the ongoing activities of the Bankruptcy case all involve activities concerning Marriott and the dispute concerning the Management Agreement. (*Id.* at ¶¶ 9-18.) Indeed, there is only passing reference to the alleged acts of the Schrager Defendants. (*Id.*)

This description is not surprising as the claims against the Schrager Defendants are separate and distinct from those asserted against Marriott and the adjudication of the New York State Court Action will have little, if any, impact on the administration of the bankruptcy estate. *See Shiboleth*, 412 B.R. at 118. "Something more than a mere effect on the size and administration of the bankruptcy estate must be involved for the fifth remand factor to weigh against remand." *Fugazy*, 2003 U.S. Dist. LEXIS 20112, at *13-14. Here, as there is no other effect, this factor weighs in favor of remand.

Furthermore, as is made clear by the terms of the TSA, IS International has completed its

- 15 -

obligations under the agreement. (Weiner Aff., Ex. L.)[6] Without any continuing obligation

under the TSA, the dispute between Plaintiff and the Schrager Defendants will have no impact

on the administration of the debtor's estate and no issues concerning this agreement are currently

being litigated in the Bankruptcy Court. Because of the remoteness to the main bankruptcy case,

this factor counsels in favor of remanding this matter back to New York State Court. *Buechner*

*v. Avery*, No. 05 Civ. 2074 (PKC), 2005 U.S. Dist. LEXIS 13735, at *18 (S.D.N.Y. July 8, 2005)

(Factor counsels in favor of remand, in part, because "[t]he state action does not turn on any

issue that is now being litigated in Bankruptcy Court.").

> 6.    *Schrager's Right to a Jury Trial Supports Remand as Does*
>       *IS International's Right to an Adjudication by an Article III Court*

Although it is true that Plaintiff and IS International waived their right to a jury trial

under paragraph 9.13 of the TSA, Schrager (to the extent he is not dismissed) has not signed any

agreement waiving his right to a jury trial. Accordingly, this factor weighs in favor of

abstention. *Kerusa Co. LLC*, 2004 U.S. Dist. LEXIS 8168, at *20 ("Because a bankruptcy court

cannot conduct a jury trial absent special designation by the district court and the consent of all

parties, 28 U.S.C. § 157(e), the presence of a Seventh Amendment jury trial right in a removed

action weighs heavily in favor of remand.").

Moreover, IS International is entitled to having this "non-core" proceeding adjudicated

by an Article III court and will not consent to having this dispute determined by a bankruptcy

judge as required by Bankruptcy Rule of Procedure 7012(b). *See* Bankr. R. P. 7012(b) ("In non-

core proceedings final orders and judgments shall not be entered on the bankruptcy judge's order

---

[6]    McKinney also describes the obligations of IS International under the TSA as follows: "provide services
regarding: (1) design and construction of the Hotel; (2) design and procurement of the furniture, fixtures, systems
and equipment for the Hotel; and (3) pre-opening promotion, advertising and marketing." (Dkt. # 8 at ¶ 3.) It is self-
evident that these are "pre-opening" services without any real continuing obligation.

except with the express consent of the parties."). As a result, if not remanded, at the least, the District Court will have to review the findings of fact and conclusions of law of the Bankruptcy Court that hears this dispute before a final judgment can be entered. This will add an additional layer of costs to these proceedings and will not serve the debtor's interest in the efficient administration of its estate. Accordingly, this counsels in favor of remand.

### 7. IS International and Schrager Will Be Prejudiced by a Failure to Remand

The Schrager Defendants were involuntarily removed to this Court and will be prejudiced by a failure to remand. As noted above, the Schrager Defendants have moved to dismiss this action in New York State Court based, in part, upon N.Y.C.P.L.R. § 3211(a)(i), *i.e.*, on the basis of documentary evidence. The federal procedural rules do not have an analog to this provision and, as a result, the loss of this ground for dismissal will prejudice them. Simply put, removal (and transfer) may foreclose a route of expeditious adjudication for the Schrager Defendants to which they would otherwise have been entitled.

Moreover, as more fully described herein, the Schrager Defendants are based in New York and all of their relevant documents and witnesses are located in New York. A failure to remand and possible transfer to Hawaii will unnecessarily increase the Schrager Defendants' costs for this litigation.

### 8. Plaintiff's Actions Are Indicative of Forum Shopping and, Therefore, Remand is Appropriate

Finally, Plaintiff's removal is clearly forum shopping and remand is, therefore, appropriate. As stated above, Plaintiff has acknowledged that its bankruptcy filing was done solely to avoid abiding by the TRO. Indeed, McKinney essentially admitted that Plaintiff filed for bankruptcy rather than allow Marriott to return as manager of the Hotel. (Weiner Aff., Ex. I at ¶¶ 28-29.)

Moreover, Plaintiff's effort to avoid responding to the Schrager Defendants' motion to dismiss by removing the New York State Action is reflective of its efforts to avoid adjudication in its *originally chosen forum*. *See Little Rest Twelve*, 2011 U.S. Dist. LEXIS 78731, at \*37-38 (Remanding matter when "the removal petitions produce[d] an unmistakable impression of forum-shopping on the part of the old management, which appeared to remove the cases to avoid the state court forum that *it had originally chosen* shortly before the state court judge was about to issue a decision in the Visan case.") (emphasis added).

### B. If Necessary, the Court May Only Remand the Claims Asserted Against the Schrager Defendants.

As is evident from Plaintiff's arguments in support of its motion to transfer venue [Dkt. # 7], Plaintiff intentionally lumps its dispute with Marriott concerning the Management Agreement (and the role of that dispute in the bankruptcy proceedings) with the claims asserted against the Schrager Defendants. However, the claims against the Schrager Defendants are separate and distinct from those asserted against Marriott and require an independent evaluation on the question of remand.

As is clear from the face of the statute, 28 U.S.C. § 1452(b) allows the Court to remand a "claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The statute's selective language of "claim or cause of action" is vastly different from the general remand provisions of 28 U.S.C. § 1447(c) and (d) which speak in terms of remanding a whole "case." *See* 28 U.S.C. § 1447(c) ("A motion to remand *the case* on the basis of any defect other than lack of subject matter jurisdiction . . . .")(emphasis added); 28 U.S.C. § 1447(d) ("An order *remanding a case to* the State court from which it was removed is not reviewable on appeal . . . .") (emphasis added). Furthermore, this is consistent with one of the relevant factors for permissive abstention. *See In re NTL, Inc.*, 295 B.R. at 718 ("the feasibility of severing state law claims from core bankruptcy

- 18 -

matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court."). As a result, if the Court is not inclined to remand the entire case, it may elect to remand just the claims asserted against the Schrager Defendants because, as fully discussed above, the *Drexel Burnham* factors heavily weigh in favor of remand.

## III.  PLAINTIFF'S REQUEST FOR TRANSFER SHOULD BE DENIED.

Here, because this case should be remanded for the reasons stated above, Plaintiff's transfer motion should be denied as moot. *Kerusa Co.*, 2004 U.S. Dist. LEXIS 8168, at *28; *Fugazy*, 2003 U.S. Dist. LEXIS 20112, at *15 (Based upon the Court's granting of the remand motion, "there is no need to address M. Stahl's cross-motion for a transfer of venue."). If, however, the Court denies the Schrager Defendants' motion to remand, the "interest of justice" and "convenience of the parties" favor denying Plaintiff's motion to transfer. For the reasons stated below, Plaintiff has failed to carry its burden to show by a preponderance of evidence that transfer of venue is warranted. *In re Enron Corp.*, 317 B.R. 629, 639 (Bankr. S.D.N.Y. 2004) ("Enron 3").[7]

At the outset, it should not go overlooked that this is not a stereotypical motion to transfer venue. Here, Plaintiff initially selected the New York State Court as its forum and now, for strategic reasons, no longer likes it. In a misguided attempt to transfer the case to Hawaii, the Plaintiff analyzes Marriott's and the Schrager Defendants' interests as if they are one and the same. They are not.

A review of Plaintiff's memorandum of law reveals that its analysis is entirely dependent

---

[7]    If the Court is inclined to deny the Schrager Defendants' motion to remand and grant Plaintiffs' motion to transfer, the Schrager Defendants would respectfully request the opportunity to make a motion to sever, pursuant to Federal Rule of Civil Procedure 21, the causes of action asserted against the Schrager Defendants from those against Marriott.

upon its controversy with Marriott and has nothing to do with the Schrager Defendants. Indeed, the argument section of Plaintiff's motion includes a only single sentence concerning the Schrager Defendants. That sentence, which appears at page 15 of its brief, states that "Schrager LLC's services under the TSA were also provided largely on-site at the Hotel." (Pl. Br. at 15.)

This sentence acknowledges that the claims against the Schrager Defendants are based on historic, not present services. More importantly, this single sentence is not enough for Plaintiff to carry its burden. In short, when the Schrager Defendants' interests are accounted for, it is clear that the applicable factors weigh in favor of denying Plaintiff's motion to transfer.

A.    **The "Interest of Justice" Favors Denial of Plaintiff's Motion to Transfer**

Courts have identified the following six factors in considering a motion to transfer:

> (1) whether transfer would promote the economic and efficient administration of the bankruptcy estate; (2) whether the interests of judicial economy would be served by the transfer; (3) whether the parties would be able to receive a fair trial in each of the possible venues; (4) whether either forum has an interest in having the controversy decided within its borders; (5) whether the enforceability of any judgment would be affected by the transfer; and (6) whether the plaintiff's original choice of forum should be disturbed. *In re Dunmore Homes, Inc.*, 380 B.R. 663, 671 (Bankr. S.D.N.Y. 2008).

Plaintiffs also identify a seventh factor of "whether the transfer will impact the learning curve." (Pl. Br. at 10), that is often discussed in connection with the first factor. *In re Dunmore Homes*, 380 B.R. at 671; *Enron 3*, 317 B.R. at 639. These factors are either neutral or weigh in favor of denying Plaintiff's motion.

> *1.    A Transfer Would Not Promote the Efficient Administration of Plaintiff's Bankruptcy Estate or Further Interests of Judicial Economy*

For the reasons stated above at pages 12 and 13, Plaintiff's argument that transfer would promote judicial economy and the efficient administration of Plaintiff's bankruptcy estate is incorrect. Allowing this action to be transferred to Hawaii will negatively impact "the efficient

administration of the estate and impose an unnecessary burden on the Bankruptcy Court by requiring the bankruptcy court to expend time and resources on the state law action that could otherwise be spent administering to the estate." *Drexel Burnham*, 130 B.R. at 408. If the matter is transferred, the Hawaii District (or Bankruptcy) Court will be required to analyze New York state law and analyze claims under the TSA and likely will get bogged down in issues tangential to the administration of the estate and waste judicial resources. Transfer, therefore, would not serve the efficient administration of the estate.

In addition, the Schrager Defendants are either entitled to a jury trial or, at least, an adjudication by an Article III Court. (*Supra.* at 16-17.) Either way, transfer will not aid in the efficient administration of the bankruptcy estate or promote judicial economy.

Moreover, Plaintiff's invocation of a "home court" presumption is incredibly ironic in light of how this case has ended up before this Court. Plaintiff eschewed any "home court" advantage by *originally choosing* the New York State Court as its forum. Indeed, Plaintiff only engaged in its "bankruptcy-removal-transfer" strategy after an unfavorable ruling before Justice Bransten. Again, this situation is anything but your garden variety consolidation of litigation related to a routine bankruptcy filing. Rather, it is a calculated attempt to prejudice the Schrager Defendants and deny the New York State Court an opportunity to decide this case on the merits.

In addition, the Hawaii Court is in the same position as this Court with respect to the issues concerning the TSA; neither has done anything with that part of the case. And, all of the Schrager Defendants' documents and relevant witnesses are located here in New York. Thus, transfer of the New York State Action to Hawaii will not enhance the efficiency of pretrial discovery. Accordingly, these factors weigh in favor of denying Plaintiff's motion to transfer.

2.      *The Parties Will Receive a Fair Trial*
        *in the Southern District of New York*

In its memorandum of law, Plaintiffs acknowledge that the parties will receive a fair trial in this district. (Pl. Br. at 12-13.)  As a result, this factor is neutral.

3.      *The Southern District of New York*
        *has an Interest in Deciding this Action*

Plaintiff steadfastly ignores the fact that much of the work performed by the Schrager Defendants under the TSA was conducted here in New York.  As noted above, the Schrager Defendants conduct their design business out of New York City.  Moreover, the design firm engaged by IS International to execute IS International's vision for the Hotel – Yabu Pushelberg – is based here in New York.  (*See* www.yabupushelberg.com, last visited Oct. 17, 2011.) Plaintiff's statement that "none of the events or occurrences alleged by any party occurred in New York" is, at best, a gross overstatement.  Thus, although there "is a local interest in having localized controversies decided at home," Plaintiff's application of the facts to the law is marred by its failure to state the New York aspects of this dispute.  As a result, this factor is either neutral or weighs in favor of denying Plaintiff's motion for transfer.

4.      *An Eventual Judgment Will be Enforceable and Transfer*
        *Will Not Impact the Learning Curve with Regard to the TSA*

The remaining factors of the "interest of justice" analysis track similar factors as those considered for remand.  As discussed above at pages 16-17, although judgment from the Hawaii Courts will be enforceable, eventual transfer to the Bankruptcy Court will add a layer of costs to this matter as Schrager will exercise his right to a jury trial and the Schrager Defendants will not consent to an Article I court entering judgment.  This factor, thus, favors remand.

Moreover, the "learning curve" for this Court and the Hawaii Courts is the same with respect to the issues concerning the TSA; neither has done anything with that part of the case. As a result, this factor favors denial of Plaintiff's motion to transfer or is nuetral.

5.    <u>Transfer Would Disturb Plaintiff's Original Choice Of Forum</u>

In a typical motion to transfer, it is the defendant seeking transfer and, thus, this factor is central to a transfer analysis. Here, Plaintiff states, in a footnote, that the factor is "inapplicable" because it is Plaintiff's choice to move the action. (Pl. Br. at 14.)  Plaintiff's cursory discussion of this factor demonstrates how atypical its request is and elucidates this motion's role in Plaintiff's forum shopping.  The fact remains that Plaintiff's *original choice of forum* was the New York State Court and rather than have its case dismissed on the merits, Plaintiff is fleeing for the protection of its home state.  Indeed, Plaintiff's maneuvers are nothing more than strategic and the Court should not countenance just behavior.

**B.    The "Convenience of the Parties" Favors Denial Of
        <u>Plaintiff's Motion to Transfer this Action to the District of Hawaii</u>.**

As stated above, Plaintiffs' analysis of the convenience of the parties wholly ignores the interests of the Schrager Defendants.  The five factors considered under the "convenience of the parties" analysis are:  (1) the location of the plaintiff and defendant; (2) the ease of access to the necessary proof; (3) the convenience of the witnesses and the parties and their relative physical and financial condition; (4) the availability of the subpoena power for unwilling witnesses; and (5) the expense of obtaining unwilling witnesses.  *Enron 3*, 317 B.R. at 639.

The only support provided by the Plaintiff that Hawaii would be a convenient forum is the conclusory statement that the Schrager Defendants' "services under the TSA were also provided largely on-site at the Hotel." (Pl. Br. at 15.)  This statement does not come close to addressing the convenience of the parties.

- 23 -

Here, the Schrager Defendants' witnesses, nearly all of their relevant documents, and relevant third-party witnesses (who would be outside of the subpoena power of the District of Hawaii) are all located here in New York. *See Pippins v. KPMG LLP*, No. 11 Civ. 0377, 2011 U.S. Dist. LEXIS 30678, at *11 (S.D.N.Y. Mar. 21, 2011) ("the key witnesses in this case are the architects of the policy, who work in New York City. This district would be the most convenient forum for these witnesses."). Moreover, it would be incredibly inconvenient and costly for Schrager Defendants to litigate this dispute nearly 5000 miles away.

Further, Plaintiff's arguments concerning the "convenience of the parties" fall flat as the Plaintiff initially chose to bring this lawsuit in New York State Court. *See Anglo Am. Ins. Grp., PLC v. Calfed, Inc.*, 916 F. Supp. 1324, 1328-29 (S.D.N.Y. 1996) (holding that plaintiff moving for transfer must show change in circumstances or that transfer is in the interest of justice). Had the Plaintiff truly believed that Hawaii was a more convenient forum, it could have initiated this action there. Indeed, this is simply another indicator of Plaintiff's purely strategic motives to escape the jurisdiction of a New York state court.

## IV.   THE SCHRAGER DEFENDANTS SHOULD BE AWARDED COSTS AND EXPENSES.

Plaintiff should be required to pay the Schrager Defendants' costs, expenses, and attorneys' fees incurred in connection with this motion. A court remanding a case removed from state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Awarding of costs does not require removal to be in bad faith. *See Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir.1992). Rather, a court should consider the "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Id.* at 924 (internal quotation marks omitted). The goal of the cost provision is to "deter[ ] improper removal"

because "the simplicity of [the removal] procedure . . . exposes a [non-removing party] to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly . . . ." *Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc.*, 183 F.3d 105, 109 (2d Cir. 1999); *see also Little Rest Twelve*, 2011 WL 3055375, at *13.

Here it is appropriate to require Plaintiff to pay the Schrager Defendants' costs, expenses, and fees because the grounds for removal were extraordinarily weak. As described above, the Schrager Defendants meet all six factors required for mandatory abstention. Moreover, Plaintiff's conduct throughout the course of this case reeks of forum shopping and has unnecessarily inflated the Schrager Defendants' costs related to this case. "[I]t is more than enough to recognize that the parties opposing removal were put to needless expense on the thinnest of bases." *Little Rest Twelve*, 2011 WL 3055375, at *14; *see also Shamoun v. Peerless Importers, Inc.*, No. 03 CV 1227 (NG), 2003 WL 21781954 (E.D.N.Y. Aug. 1, 2003) (awarding costs and attorneys' fees where plaintiffs complaint presented a straightforward state law claim); *Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10 (E.D.N.Y. 1999) (awarding costs and attorneys' fees where the removal greatly complicated the case and the impropriety of the removal should have been clear).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court remand this

matter to State Court, deny Plaintiff's motion to transfer venue, and award the Schrager

Defendants their costs, expenses and attorneys' fees in connection with making this motion.

Dated: New York, New York.       Respectfully submitted,
      October 17, 2011

McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173-1922
Tel: (212) 547-5400
Fax: (212) 547-5444

By: _____

Robert A. Weiner
Michael R. Huttenlocher

*Attorneys for Defendants*
*I.S. International LLC and Ian Schrager*

- 26 -